## STATE v. JOHNSON.

1. INDICTMENT.—Each count in an indictment must state fully and particularly one offense, and a second count cannot be helped by allegations in the first.

2. IBID.—An indictment which alleges that the defendant stole two hens and twenty-one chickens, of the value of $5, from a fowl house, charges only simple petit larceny.

3. BURGLARY.—That a fowl house is separated by a public highway from the dwelling does not necessarily show that it is not appurtenant thereto, so as to make the taking of chickens therefrom not the subject of burglary.

4. INDICTMENT—BURGLARY—LARCENY—NEW TRIAL.—Where an indictment contains two counts, one for burglary and another for larceny, and a general verdict of guilty is returned, the Court, if there is no evidence of a burglary, should grant a new trial.

Before ALDRICH, J., Greenville, July, 1895. Reversed.

The appellant, George Johnson, was indicted for burglary for entering the fowl house of A. H. Bridwell, situate across the public highway from the dwelling, and stealing therefrom chickens. The jury returned a verdict of guilty. The defendant appeals upon the following grounds:

I. Because the presiding Judge erred in holding and charging the jury: "If you find the defendant guilty of the burglary, and not guilty of the larceny, or guilty of the larceny and not guilty of the burglary, you will specify the same in your verdict as guilty on the first count, and not guilty on the second, or *vice versa.*" When he should have charged the jury: If they find that there is no evidence of burglary, then the second count charged in the bill of indictment must fall to the ground, as the value of the chickens therein named are less than $20, and in that case their verdict must be not guilty, as there cannot be any compound larceny in this case without the jury finds from the evidence that the defendant broke and entered the fowl house, and that it was appurtenant to the dwelling house, as charged in the bill of indictment. His Honor should have further charged the jury, that if the defendant failed to give any satisfactory account as to how he came into possession of property recently stolen, and there being no evidence against the defendant, as charged in the first count of the indictment, then their verdict should be, not guilty, as in such case it would not be anything more than petit larceny, for which offense the Court has no jurisdiction.

II. Because his Honor erred in holding and charging the

jury in this case that they could find the defendant guilty of burglary and not guilty of larceny, when he should have charged that there are three things essential in order to make out a case of burglary: (1) There must be a breaking; (2) there must be an entry in the night time; (3) there must be an intention to commit a felony; and if either one of these elements are lacking, burglary falls to the ground, and the defendant cannot be convicted. As in this case, if there is no evidence of the breaking or entry, the burglary must fall to the ground; evidence of the possession of stolen goods is not sufficient to convict the defendant, even if he fails to give a satisfactory account of the possession of stolen goods; the State must prove every essential element necessary to make out a case of burglary, before the jury can convict on the first count. His Honor should have further charged the jury that they must look to the whole testimony, and, if anything is wanting necessary to make a case of burglary, they must find the defendant not guilty, giving the defendant the benefit of every reasonable doubt growing out of the whole testimony.

III. Because his Honor erred in not charging the jury, as requested, that the chicken house, as alleged, is not the subject of burglary, as it appeared from the testimony that the alleged chicken house is not an appurtenance to the dwelling house, it being on the opposite side of the public highway from the dwelling house, and no evidence whatever that the alleged chicken house was on the same plantation, and, therefore, not the subject of burglary.

IV. Because his Honor erred in not charging the jury, as requested, that the rule of law applicable to common law, burglary, and statutory burglary, are the same, and if the evidence shows that there was a public highway separating the chicken house from the dwelling house, there could be no burglary, even if the defendant broke and entered said house in the night time.

V. Because his Honor erred in not charging the jury that, in order to make out a case of burglary, the State

must show that the chicken house, as alleged, must be in daily use and occupation in connection with the dwelling house, and that it is not sufficient to show that it is a place of roost for chickens.

VI. Because his Honor erred in not granting a new trial in this case, when the facts showed that there was no evidence to connect the defendant with the burglary, the only evidence against the defendant being found in the possession of stolen goods.

VII. Because his Honor erred in sustaining the verdict of the jury upon the grounds that there was some evidence of the theft, to wit: The possession of stolen goods, and for that reason alone he sustained the verdict, remarking, while there was no evidence of the burglary, there was some evidence of the theft, and that he would sentence the defendant for that; when he should have granted defendant's motion for a new trial, it appearing that there was no evidence tending to connect the defendant with the charges alleged in the first count of the indictment; and there being no proof of any aggravating circumstance connected with the theft, the motion should have been granted, as there could not be any compound larceny without some evidence showing aggravation, to wit: as charged in this case in first count. The testimony going to show the possession of stolen goods is not sufficient, and his Honor erred in sentencing the defendant on the second count.

*Messrs. C. F. Dill* and *C. J. Hunt,* for appellant.

*Solicitor Ansel,* contra.

Jan. 3, 1896. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The defendant was tried and convicted, in the Court of General Sessions for Greenville County, under an indictment containing two counts. In the first count the charge was, that defendant, in the night of the day named: "the fowl house of A. H. Bridwell, the same being appurtenant to the dwelling house of

A. H. Bridwell, and within 200 yards thereof there situate, feloniously and burglariously did break and enter, with intent the goods and chattels of A. H. Bridwell, in the said fowl house then and there being, there and then feloniously and burglariously to steal, take, and carry away, against the form of the statute," &c.

In the second count the charge was, that on the day named, the defendant: "from the fowl house of one A. H. Bridwell, and two hens and twenty-one chickens, of the value of $5, of the proper goods and chattels of A. H. Bridwell, then and there being found, feloniously did steal, take, and carry away, against the form of the statute," &c.   The jury were explicitly instructed, amongst other things, as follows: "If you find the defendant guilty on both counts, your verdict will be guilty.   If you find him guilty of the burglary and not guilty of the larceny, or guilty of the larceny and not guilty of the burglary, you will specify the same in your verdict as guilty on the first count, and not guilty on the second, or *vice versa.*   If the State has failed to prove either one of these charges to your satisfaction, and beyond a reasonable doubt, your verdict should be, not guilty."

The jury having returned a general verdict of guily, a motion for a new trial was made and refused, the Circuit Judge saying, in refusing the motion: "While there was no testimony to connect the defendant with the breaking and entry, there was some testimony on the second count, and he would sentence the defendant for that."   The defendant was accordingly sentenced to "work upon the public works of the county of Greenville, for the period of one year, or be imprisoned in the State Penitentiary, at hard labor, for the period of one year."   From the order refusing the motion for a new trial, as well as from the judgment rendered, the defendant appealed upon the several grounds set out in the record, which should be incorporated in the report of the case.

The first ground of appeal imputes error to the Circuit

Judge in instructing the jury, as herein above set out, and the point of the exception seems to be, that there was error in instructing the jury that, even if they did not find the defendant guilty of the burglary charged in the first count of the indictment, they might still find him guilty of the larceny charged in the second count. This depends upon the inquiry as to what was the distinct offense charged in the second count. If it was simple petit larceny, then the Court of Sessions would have no jurisdiction. *State* v. *Cooler*, 30 S. C., 105. If, however, it was compound larceny, then, though the value of the goods alleged to have stolen was less than $20, the Court of Sessions would still have jurisdiction. *State* v. *Clary*, 24 S. C., 116. What, then, is the offense charged in the second count of the indictment? To determine this question, we must look alone to the language used in that count, which cannot be supplemented by anything found in the first count. Even in civil cases this is the rule (*Hammond* v. *Railroad Company*, 15 S. C., 10), where the following language is cited, with approval, from Pom. on Rem., section 275: "Where a complaint contains several counts, it is a settled rule that each separate division or count must be complete by itself, and must contain all the averments necessary to a perfect cause of action. Defects and omissions in one cannot be supplied by allegations found in another, nor can the pleader, by merely referring to material facts properly set forth in a former count, incorporate them into and make them part of a subsequent one. In other words, all issuable or material facts constituting the ground for recovery must be stated in each cause of action, even though some repetition might thereby become necessary." This, then, being the settled rule in civil cases, how much more should it be applicable in criminal cases? We must, therefore, in order to determine what offense is charged in the second count of this indictment, read that count just as if there was no other count in the indictment. So reading it, we think it clear

that the second count charges only a simple larceny of goods below the value of $20. There are no words in the second count which show, or even imply, that a compound larceny is charged. There is no allegation, as in the first count, that the offense was committed in the night time, and no allegation that the fowl house was either broken or entered in the night or day time. It is not alleged that the fowl house was appurtenant to the dwelling house of the prosecutor. The simple allegation is, that the chickens were stolen from the fowl house of one A. H. Bridwell; and until some statute is found imposing a special penalty for stealing from a fowl house, like those statutes which impose special penalties for stealing from a dwelling house, or from the person of another, and other like statutes, investing the larceny with a compound character, we must regard the larceny here charged as a simple larceny of goods below the value of $20, of which the Court of Sessions has no jurisdiction. The first ground of appeal must, therefore, be sustained.

What we have already said renders it unnecessary for us to say more as to the point which seems to be raised by the second ground of appeal.

The third ground cannot be sustained, as the charge requested would have required the Circuit Judge to pass upon a question of fact, to wit: whether the fowl house was an appurtenance to the dwelling house of the prosecutor. The undisputed fact that the fowl house was separated from the dwelling house by a public highway, does not necessarily show that it was not appurtenant. The case of *The State v. Sampson*, 12 S. C., 567, cited by appellant's counsel on this point, does not sustain their view. In that case, the defendant was charged with burglary, in breaking and entering a mill house in the night time, and stealing therefrom flour and corn. No one slept in the mill house, which was seventy-five yards from the dwelling house, on the opposite side of a public highway, and was not enclosed. The Court undertook to consider, first,

38—45

whether it could be a case of burglary *at common law;* and there it was intimated that the undisputed fact that the mill house was not in the same common enclosure with the dwelling house—not within the curtilege—but was separated therefrom by a public highway, might be sufficient to prevent a conviction *at common law*, especially as there was no evidence that the mill house was parcel of, or appurtenant to, the dwelling house. The Court next proceeded to inquire whether the conviction could be sustained *under the statute*, and there nothing was said about the mill house being separated from the dwelling by a public highway; but the question turned upon the inquiry, whether the mill house was within 200 yards of the dwelling, and *was also appurtenant* thereto; and as there was no evidence whatever that it was appurtenant to the dwelling, it was held that the conviction could not be sustained even under the statute. It seems to us that, *under the statute*, the only question is, whether the house broken into is within the requisite distance from the dwelling house, *and is appurtenant thereto.* Whether it is separated from the dwelling by a public highway, is immaterial, provided it is an appurtenance thereto.

The fourth and fifth grounds of appeal are disposed of by what we have already said.

The sixth and seventh grounds must be sustained. The Circuit Judge having held that "there was no testimony to connect the defendant with the breaking and entry," we think the Judge was bound to grant a new trial; for the verdict being general, it must, upon well settled principles, be regarded as a verdict of guilty of burglary—the highest offense charged in the indictment—and if there was no evidence, as his Honor held, to sustain that charge, then the defendant was clearly entitled, as a matter of law, to a new trial; for otherwise the record would show that he had been convicted of an offense, in a case where it has been judicially ascertained that there was no evidence to connect him with such offense. Circuit Judges are invested with the power to grant new trials for the very

purpose of preventing just such an anomalous (to use no stronger term) result, and if they fail or refuse to exercise the power thus conferred upon them, then there is error of law, which this Court has the power to correct. *State* v. *David*, 14 S. C., 428; *Wood* v. *Railway Co.*, 19 S. C., 579. It is said, however, that the general verdict of guilty amounted also to a conviction on the second count of the indictment, and as the Circuit Judge expressly declared his intention to sentence the defendant only on that count, there was no error of law in doing so. We cannot accept that view for two reasons: 1st. If, as we have seen, the second count only contained a charge of simple petit larceny, then the Court of Sessions had no jurisdiction of that offense, and, of course, had no power to pass the sentence imposed. 2d. But even if we are in error in this, we think it clear that the defendant had the legal right to demand a new trial, in order that he might be relieved, *on the record*, from the much graver charge contained in the first count of the indictment, when it had been judicially ascertained that there was no evidence to sustain such charge.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.