19913

The STATE, Respondent, v. Ricky McClain TOTHEROW, Appellant.
(210 S. E. (2d) 228)

*Robert M. Jones, Esq.,* of Rock Hill, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Wade S. Kolb, Jr., Staff Attorney,* of Columbia, *for Respondent,*

November 25, 1974.

BUSSEY, Justice:

The defendant Totherow and two other juveniles were charged in the Family Court of York County with having unlawfully attempted to commit a larceny by stealing a battery from an automobile parked in the lot of Sullivan Junior High School, the location of which is not disclosed by the record. Totherow was found guilty by the judge and placed on probation. He now appeals asserting that the evidence was insufficient to support his conviction. It is an elementary proposition that in considering whether the evidence was sufficient to support a conviction in a criminal case such has to be viewed in the light most favorable to the State. We accordingly review the evidence and state the facts in that light.

On November 8, 1973, a number of juveniles, including the defendant Totherow, were at the home of one Rocky Owens on Standard Street approximately one block from the Sullivan school. There was a car parked at the residence which belonged to Rocky Owens' mother. Some of the boys attempted to crank the car but were unsuccessful because the battery was dead and it had no gas. Three boys, includ-

ing Totherow, left saying that they were going to get a battery, but came back some time later and said that they couldn't get one. One of the boys had a pair of pliers and there is also evidence that one of the boys had a pair of vice grips and that when the three boys departed they went down the railroad track in the direction of Sullivan school. The testimony is quite vague as to what time the boys departed in search of a battery, how long they were gone, or what time they returned except that it was before lunch.

A Mr. Jenkins testified for the State, he being connected with Sullivan school. His testimony was to the effect that a teacher and a student, inferentially at about 11:00 a. m. on November 8th, reported to him having seen three boys tampering with an automobile in the parking lot and that they gave him a description of the boys; that he called the police who came and that he saw a car in the parking lot on which the hood had been raised and a battery cable disconnected, but the battery not removed. Neither the teacher, nor the student who reported to Mr. Jenkins, was called as a witness and the record is silent as to the description of the boys reportedly seen about the car, silent as to whether Jenkins communicated such to the police and silent as to whether such fit any or all of the three boys charged.

Officer Henderson also testified for the State, he having conducted an investigation as a result of which the three boys were charged as above set forth. He apparently knew nothing of his own knowledge except that some damage was done to one post on the battery which the boys were charged with attempting to steal. He did not testify as to what facts or clues led him to charge these three particular boys.

The State's evidence, as reflected above, was wholly circumstantial. Totherow's defense was that of alibi with both his mother and sister testifying that he was elsewhere at the time of the alleged offense.

While no issue thereabout was raised on appeal, appellant being a minor we take notice of the following. There

is no evidence as to the value of the automobile battery which the boys allegedly attempted to steal, but it is a matter of common knowledge that usually automobile batteries are worth somewhat less than the sum of $50.00 and hence had a larceny of the battery actually taken place the offense would have been petty larceny, a misdemeanor. Code section 16-353. There is, to say the least, grave doubt as to whether an unsuccessful attempt to commit petty larceny, a misdemeanor, constitutes a penal offense in this jurisdiction, in the absence of a statute specifically so providing. *State v. Redmon,* 121 S. C. 139, 113 S. E. 467. This question not having been briefed or argued, we do not here decide such but treat the appeal just as if it were clear that the defendant was in fact charged with and convicted of a criminal offense.

The Family Court Judge acted as both judge and jury. The distinction between the test to be applied by a court and that to be applied by a jury in measuring the sufficiency of circumstantial evidence in a criminal case is well stated in *State v. Littlejohn,* 228 S. C. 324, 89 S. E. (2d) 924, and need not be restated here. See also numerous other cases collected in West's South Carolina Digest, Criminal Law, secs. 753(2) and 1144(13). While the weight of the evidence was for the trier of fact we lean to the view that the evidence was insufficient to meet either test.

While there is evidence sufficient to raise a strong suspicion of the guilt of the accused, we are not convinced that there is any substantial evidence from which the guilt of the accused may be fairly and logically deduced. As to the weight of the evidence, which was, of course, for the trier of fact, His Honor apparently was not satisfied of the guilt of the defendant Totherow beyond a reasonable doubt. While he reached a conclusion of guilt, a letter announcing his decision was to the effect that he found the allegations of the petition "were substantially proved." Assuming that the defendant Totherow was charged with any criminal offense

the burden was on the State to prove his guilt beyond a reasonable doubt.

For the reasons set forth the judgment below is reversed and the cause remanded for entry of a judgment of not guilty.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.