20984

In the Interest of James Frederick SIMMONS, Marvin Tucker, and Charles Washington, of whom James Frederick Simmons and Charles Washington are Appellants.

(255 S. E. (2d) 848)

*H. E. Bonnoitt, Jr.,* Georgetown, *for appellant Simmons. Jack M. Scoville, Jr.,* Georgetown, *for appellant Washington.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Buford S. Mabry, Jr.,* Columbia, and *Sol. H. G. Charles,* Conway, *for respondent.*

June 12, 1979.

*Per Curiam:*

Appellants and their co-defendant were adjudicated delinquent in the Family Court of the Fifteenth Judicial Circuit.[1] The basis of that adjudication was a finding by the presiding judge that evidence presented demonstrated, beyond a reasonable doubt, that appellants had committed two housebreakings and one petty larceny occurring on consecutive nights. Appellants assert that the evidence was insufficient to support a conviction for the housebreaking and petty larceny alleged to have occurred on June 25, 1978. In determining whether evidence is sufficient to sustain conviction, it must be viewed, on appeal, in the light most favorable to the State. *State v. Hendrix,* 270 S. C. 653, 244 S. E. (2d) 503 (1978), 7A West's S. C. Digest, *Criminal Law,*

---

[1] The case against co-defendant was evidently transferred to the Circuit Court.

Key No. 1144.13(3). In that light, we review the evidence accordingly.

Between 8:30 p. m. Sunday, June 25, 1978 and 5:30 a. m. Monday, June 26, 1978, a large plate glass storefront window was broken out of the Black River Mercantile Company Store located eight miles north of Georgetown. Broken glass extended six to eight feet into the store. Two boxes of chocolate candy bars were missing; the almost empty boxes were found outside the store. There was a puddle of new oil on a concrete surface located in front of the store. Three sets of bicycle tire tracks, each of a different size ran through the oil. There was also a set of Ked tennis shoe footprints leading from the oil to the broken window. Monday afternoon, appellants and their co-defendant, each riding a bicycle, stopped by the store and observed the broken window being replaced.

Monday night, June 26, 1978 at approximately 11:00 p. m., appellants and their co-defendant returned to the store, each riding bicycles with tires of different widths. All three individuals carefully examined the surrounding premises. Appellant Washington and the co-defendant posted themselves as lookouts at a highway intersection a short distance from the store. On signal from the two lookouts, appellant Simmons proceeded to break a large plate glass storefront window with a beer bottle. All three individuals were immediately apprehended by a law enforcement officer on stakeout.

As to the Sunday, June 25, 1978 housebreaking and petty larceny, the State's evidence as reflected above, was wholly circumstantial. Appellants did not testify and did not offer any evidence.

The Family Court judge acted as both judge and jury. The distinction between the test to be applied by a court and that to be applied by a jury in measuring the sufficiency of circumstantial evidence in a criminal case is stated in *State*

*v. Littlejohn,* 228 S. C. 324, 89 S. E. (2d) 924 (1955). The test by which a jury must measure circumstantial evidence is as follows:

"[I]t is necessary that every circumstance relied upon by the State be proven beyond a reasonable doubt; and that all of the circumstances so proven be consistent with each other and, taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis. It is not sufficient that they create a probability, though a strong one; and if, assuming them to be true, they may be accounted for upon any reasonable hypothesis which does not include the guilt of the accused, the proof has failed." *Id.* 228 S. C. at 328, 89 S. E. (2d) at 926.

*Littlejohn, supra,* goes on to state:

"But on motion for direction of verdict, the trial judge is concerned with the existence or non-existence of evidence, not with its weight; and, although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced." *Id.* 228 S. C. 329, 89 S. E. (2d) at 926.

While the weight of the evidence was for the trier of fact we believe the evidence was insufficient to meet either test. There is evidence sufficient to raise a strong suspicion of the guilt 'of appellants; however, we are not convinced that there is any substantial evidence from which guilt of appellants may be fairly and logically deduced. *See State v. Totherow,* 263 S. C. 275, 210 S. E. (2d) 228 (1974).

After a full consideration of appellants' remaining exceptions, we are convinced that a full written opinion would have no precedential value and no reversible error of law is present. Accordingly, they are dismissed pursuant to Rule 23 of the Rules of Practice of this Court.

For the reasons set forth, the adjudication of delinquency based upon the housebreaking and petty larceny of Sunday, June 25, 1978 is reversed. The adjudication of delinquency based upon the housebreaking of Monday, June 26, 1978 is affirmed and the matter is remanded for disposition solely on the affirmed adjudication.