### 7337

### STATE v. JOHNSON.

ASSAULT—RAPE.—It is held there was evidence here from which the inference could be drawn that defendant assaulted a woman with intent to ravish her.

Before ————, J., Greenville, January term, 1909. Affirmed.

Indictment against Arthur Johnson. From sentence, on verdict of guilty, defendant appeals.

*Mr. A. Blythe,* for appellant, cites: *What is necessary to show intent to ravish:* Roscoe's Cr. Ev., 811; 23 Ency., 864; 83 S. W., 689. *Cases in which evidence held insufficient:* 90 Ala., 624; 77 A. D., 336; 12 Tex. App., 194; 73

Ia., 255; 86 N. C., 658; 67 Miss., 356; 34 S. E., 135; 49 S. E., 336.

*Solicitor P. A. Bonham,* contra.

October 23, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The defendant appealed from a conviction of assault and battery, with intent to ravish.

The exceptions allege error of the Circuit Court in refusing to direct a verdict of not guilty, and in refusing to grant a new trial, on the ground that the evidence was not sufficient to sustain the verdict.

This Court has so frequently held that its jurisdiction, in law cases, extends only to a review of alleged errors of law, and that it cannot set aside verdicts and grant new trials, in such cases, on the grounds of mere insufficiency of evidence—unless there is *no* evidence to support the verdict—that it is needless to cite the cases.

However, in view of the gravity of the offense of which the defendant has been convicted, we are inclined, by a liberal construction of his exceptions, to consider the question whether there was *any* evidence tending to support the verdict.

The testimony tending to support the verdict was that the defendant is a young negro man, and janitor of a public school building in which the prosecutrix, a young white woman, was a teacher; that on Saturday, October 9, 1908. the prosecutrix went to the school building to practice on a piano; that the defendant was in the building, attending to some of his duties; that while the prosecutrix was seated at the piano, playing, the defendant approached her and put his hands on her shoulders, and said: "You had better stop and rest awhile;" that she told him to stop, and got up and left the room; that he followed her and told her he meant no harm; that for some little time before he put his hands

on her he kept "hanging around" the room, and said that he was staying there to fix up a stove; that the prosecutrix told him he need not stay—that Monday would be time enough to fix the stove; that he, nevertheless, remained, pretending to be fixing the lamps; that when he put his hands on her shoulders, and spoke to her, from the sound of his voice, the prosecutrix thought his face was very close to hers; that immediately after the occurrence the defendant fled, leaving the building open and his work unfinished, and was in hiding for about a week before he was captured; that when the conduct of the defendant became known to the community the impression got abroad that he had attempted to ravish the prosecutrix, which occasioned considerable excitement, and some talk of lynching him.

The defendant himself testified that while the prosecutrix was seated at the piano, desiring to take up some pieces of carpet, one of which was under the piano, and also under the chair on which she was seated, he approached her and put his hands on the back of her chair and said: "You may rest now;" that she left the building, but was in no hurry about doing so; that he remained there some twenty minutes and then went to dinner; that he fled for protection, but when he left he had not heard anything, but was expecting to hear something, because he did not know what she would tell; but when she left the room he did not think she was angry.

The principal fact to be inferred from the testimony was the intent of the defendant. The intent with which an act is done denotes a state of the mind, and it can be proved only from expressions or conduct, or both, given in the light of the given circumstances.

When the great social chasm that exists between the white and colored races, and especially between white women and negro men, is considered, it cannot be said that the facts and circumstances above detailed do not warrant a reasonable inference of a guilty intent on the part of the defendant.

There was no reason or excuse for his laying his hands upon the prosecutrix, or for his putting his face so close to hers. It was none of his business whether she rested or not. These facts and circumstances, together with his flight, before he had heard that she had said anything about the occurrence, and the other circumstances above narrated, afford some evidence of a guilty intent. Whether the inference of such intent was strong or weak, or sufficient to sustain a verdict of guilty, is not for this Court to decide. The final decision of that question must, under our Constitution, be left to the jury and the Circuit Judge.

The judgment of the Circuit Court is affirmed.