## 7431

### STATE v. BANKS.

1. PLEADINGS—INDICTMENT—COUNTS.—Each count in an indictment should contain all allegations necessary to make out an offense. The second count in the indictment here so construed does not allege the defendant privily entered the house from which the goods were stolen, but charges petit larceny. Upon conviction on this count alone, it was error to sentence for compound larceny.
2. IBID.—IBID.—The provisions of section 57 of the criminal code, that every objection apparent on the face of an indictment must be taken by demurrer or motion to quash do not apply to a count in an indictment containing allegations appropriate to two offenses, one of which is defectively stated, while the other is sufficient in form.

Before MEMMINGER, J., Kershaw, November, 1909. Reversed.

Indictment against Melton Banks, defendant appeals from sentence.

*Messrs. Clark & Tresckow,* for appellant, cite: *Each count must alone charge a complete offense:* 45 S. C., 480; 55 S. C., 322. *Second count does not charge privily entering:* 19 S. C., 140; 34 S. C., 134; 18 Ency., 463.

35—84

*Solicitor W. Hampton Cobb,* contra, cites: *If indictment did not allege grand larceny objection should have been made before jury empannelled:* 83 S. C., 434. *Not error for judge to direct jury to correct verdict:* 13 S. C., 5; 24 S. C., 114; 37 S. C., 159; 41 S. C., 140; 65 S. C., 292.

February 15, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. The only question raised by the exceptions, is whether the Circuit Court erred in imposing upon the defendant, a sentence in excess of the punishment prescribed, in cases of petit larceny.

The indictment under the second count of which the defendant was convicted, was as follows: " * * * That Melton Banks, late of the county and State aforesaid, on the twenty-sixth day of June, in the year of our Lord one thousand nine hundred and nine, in the night time, with force and arms, at Camden, in the county and State aforesaid, the storehouse of one R. B. Elliott, there situate feloniously did break and enter with intent the goods and chattels of R. B. Elliott in the said store, then and there being found then and there unlawfully to steal, take and carry away, against the form of the statute in such case provided, and against the peace and dignity of the State.

"And the jurors aforesaid, upon their oath aforesaid, do further present: That the said Melton Banks, on the twenty-sixth day of June, in the year of our Lord one thousand nine hundred and nine, with force and arms, at Camden, in the county and State aforesaid, one pair of shoes, and a lot of smoking tobacco, of the value of five dollars of the proper goods and chattels of R. B. Elliott, then and there being found in the storehouse of said R. B. Elliott, privily and feloniously did steal, take and carry away against the form of the statute in such case made and provided, and against the peace and dignity of the State."

The jury rendered the following verdict: "Guilty of larceny, second charge."

The following statement is set out in the record: "Before sentence was passed, the defendant's attorney called the attention of the Circuit Judge to the fact that the defendant could only be sentenced for petit larceny, that being the offense charged. The Solicitor contended that under section 152 of the Criminal Code and amendment thereto, a compound or grand larceny was charged. Whereupon the following sentence was imposed: 'The sentence of the Court is that you Melton Banks be confined at hard labor upon the public works of Kershaw county for a period of eighteen months or a like period of hard labor in the State Penitentiary.' "

Section 152 of the Criminal Code is as follows: "The offense of privily stealing from the person, or of privily entering and stealing from any house, in the night time or day time, shall in all cases be deemed and adjudged grand larceny."

In construing the second count, resort can not be had to the first, as each count must contain, within itself, all necessary allegations. *State* v. *Johnson,* 45 S. C., 483, 23 S. E., 619; *State* v. *Langford,* 56 S. C., 322, 33 S. E., 370.

The second count, in so far as it undertakes to charge a violation of section 152 of the Criminal Code, is defective, in that there is a failure to allege, that the defendant privily entered the house, from which the goods were stolen. It, however, contains all the allegations necessary to constitute the offense of petit larceny.

Under such circumstances, the verdict will be referred to the charge as to petit larceny, and, the allegations appropriate to the crime mentioned in section 152, will be regarded as surplusage.

It is true, section 57 of the Criminal Code provides, that "every objection to any indictment for any defect, apparent upon the face thereof, shall be taken by demurrer, or on

motion to quash such indictment, before the jury shall be sworn, and not afterwards." But this section has no application, when there are allegations appropriate to two offenses, one of which is defectively set out, while the statement as to the other is sufficient in form.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded in order that a sentence for petit larceny may be imposed upon the defendant.