7631

### STATE v. DALBY.

1. CONSTITUTIONAL LAW—RAPE—ASSAULT AND BATTERY.—Where one is indicted under the common law for assault with intent to ravish and is convicted of an assault of a high and aggravated nature, any question raised as to the constitutionality of the statute (26 Stat., 206) prescribing punishment for rape, and providing for examination of female witnesses by deposition, there having been no such examination, is speculative.

2. AN ASSAULT AND BATTERY OF A HIGH AND AGGRAVATED NATURE may be committed in many ways unaccompanied by the use of a deadly weapon.

Before ALDRICH, J., Charleston, February term, 1910. Affirmed.

Indictment against James Dalby for assault with intent to ravish. From sentence, defendant appeals.

*Alonzo E. Twine,* for appellant, cites: *Act unconstitutional:* 57 S. C., 247; 59 S. C., 53; 28 Ency., 578-9. *Requiring defendant to be present at taking depositions before indictment is illegal:* 54 S. C., 32; 24 S. C., 227.

*Attorney General Lyon,* contra, cites: *Sixth amendment of Federal Constitution does not apply to State Courts:* 21 Wall., 532; 124 U. S., 200; 175 U. S., 172; *Nor sec. 2, sub. 3, of art. 3:* 134 U. S., 31; 128 U. S., 96. *No deposition being taken under act, it is not in question:* 7 Wall., 698; 179 U. S., 405. *Speculative questions not considered:* 35 S. C., 602; 40 S. C., 465. *What may be aggravated assault:* 2 Bish. Cr. L., secs. 42, 43.

July 18, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Appellant was indicted for an assault and battery with intent to rape, and convicted of an assault and battery of a high and aggravated nature. From sentence to five years at labor upon the public works of the county, or in the State penitentiary, he appeals.

The defendant moved to quash the indictment, which was in the usual form, on the ground that the statute under which it is laid is unconstitutional. The act referred to is entitled: "An act to prescribe the punishment for rape and assault with intent to ravish, and provide for taking deposition of female witnesses in such cases." 26 Stat., 206. The act merely prescribes the punishment for rape and assault with intent to ravish, and for the taking of the deposition of the female alleged

to have been assaulted. It provides also for the presence of the accused at the taking of the deposition, and his right to cross-examination, just as if the testimony were taken in open Court.

The indictment was not laid under the statute, but under the common law.

The record does not show that the testimony of the prosecutrix was taken by deposition, under the provision of the act. As the defendant was not convicted of rape or of assault with intent to ravish, but only of assault and battery of a high and aggravated nature, the sentence was not imposed under or by virtue of the provisions of the act in question, but under section 78 of the criminal code, which is as follows: "In cases of legal conviction, where no punishment is provided by statute, the Court shall award such sentence as is conformable to the common usage and practice in this State, according to the nature of the offense, and not repugnant to the Constitution."

It appears, therefore, that appellant is not in a position to question the constitutionality of the act upon any ground, because it does not appear that any right of his has been affected by its provisions, and the exceptions to the refusal of the Court to quash the indictment on that ground present only speculative questions, which this Court will not consider. *Cantwell* v. *Williams,* 35 S. C., 602, 14 S. E., 549; *Lowrimore* v. *Mfg. Co.,* 60 S. C., 153, 38 S. E., 430.

The next assignment of error is in instructing the jury that "any violent seizure of the person of another was aggravated assault and battery, whereas he should have charged that a seizure, no matter how violent, unaccompanied with a deadly weapon, would not amount to aggravated assault and battery." An examination of the charge shows that this exception was taken under a misapprehension. Nowhere does the Judge charge as alleged in the exception. On the contrary, he did charge that a violent seizure of the person of another might not

be even a common assault and battery, and illustrated by saying if one violently seized the person of another to prevent him from falling into the water, or from being run over by a street car, it would not be an assault and battery, showing that an unlawful intent is necessary to constitute the offense.

As to the last part of the exception, it is only necessary to say that it is not the law that an assault and battery must be made with or accompanied by the use of a deadly weapon to make it an assault and battery of a high and aggravated nature. This offense may be committted in many ways unaccompanied by the use of a deadly weapon. The use of a deadly weapon, however, is usually held to make an assault one of an aggravated nature.

The sentence being imposed under the provisions of the code above quoted was, within the terms of that section, wholly within the discretion of the Court.

Judgment affirmed.