### STATE v. REDMAN

#### (113 S. E., 467)

CRIMINAL LAW—ATTEMPT TO COMMIT A MISDEMEANOR IS NOT AN INDICTABLE OFFENSE.—It is elementary law that an attempt to commit a misdemeanor is not an indictable offense.

Before PRINCE, J., Marion, Fall Term, 1920. Reversed.

James Redman, convicted of attempting to obtain goods under false pretense, appeals.

*Mr. Henry Buck,* for appellant, cites: *Is attempt to commit a misdemeanor an offense?*: 2 Bishop Crim. I: (8th Ed.), Sec. 488. *Attempt to commit felony is a misdemeanor*: 20 S. C L., 453; 35 S. C., 262; 1 Bish. Crim. L., Sec. 768; 7 Conn., 266; 54 Pa., 209; 11 Lea. (Tenn.), 474. *Attempt to obtain goods by false pretense is a misdemeanor*: 2 Archbolds Crim. Pr. & Pl., 2111; 2 Mass., 128. Not under Sec. 220, Crim. Code 1912.

*Mr. L. M. Gasque, Solicitor,* for respondent, cites: *When attempt to commit a crime is a crime*: 1 Bish. Crim. L., Sec. 752, 759; 1 Whart. Crim. L., Sec. 186, 173; 12 Cyc. 177; 90 N. C., 717; 86 Va., 382; 2 Arch. Crim. Pl. & Pr., 1411.

September 1, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The charge in this case is an attempt to obtain goods under false pretenses. The statute makes obtaining goods under false pretenses, irrespective of the amount involved, a misdemeanor. It is elementary law that an attempt to commit a misdemeanor is not an indictable offense.

The judgment is reversed. ·

CHIEF JUSTICE GARY and JUSTICE WATTS concur.

JUSTICE COTHRAN (dissenting): The defendant was convicted and sentenced under an indictment charging him

with attempting to commit the statutory offense of obtaining money under false pretenses; the amount involved being $30. The sole ground of his appeal is that, as section 220 of the Criminal Code has made the offense, regardless of the amount or value of the property obtained, a misdemeanor, an attempt to commit a misdemeanor is not a crime.

In the first place, I think that the characterization of the offense, declared in section 220 as a misdemeanor, was intended rather as the declaration of a legal infraction than as a classification, in contradistinction to a felony, particularly in reference to an offense essentially malum in se, and possibly involving many times the standard of valuation in grand larceny. But, construing the statute strictly as classifying the offense as a misdemeanor in the technical sense of the word, I do not think it follows by any means as "elementary law" that an indictment will not lie for an attempt to commit a misdemeanor. In 16 C. J., 111, it is said :

'As a general rule an attempt to commit a crime is a misdemeanor, *whether the crime is a felony or a misdemeanor,* and whether it is an offense at common law or under a statute"—citing cases from the Federal Inferior Courts, Alabama, Arkansas, Connecticut, Georgia, Indiana, Kentucky, Louisiana, Massachusetts, Nevada, North Carolina, Pennsylvania, Tennessee, Vermont, Virginia, England, and Ontario. "But it has been held that an attempt to commit a misdemeanor, which is purely statutory, and not malum in se, is not indictable as a separate offense, unless made so by statute."

The modification of the general rule thus stated would not apply to the case at bar, which, as I have stated, involved an offense essentially malum in se. The defendant's attempt was to perpetrate a most despicable form of swindling, and I am not willing to supply him with a judicial guaranty that he may ply his nefarious trade with the as-

surance that, if he succeeds, he may "fold his tent like the Arab," and if he fails, and is caught, the law is powerless to punish him.

If it were not for section 186 of the Criminal Code a pickpocket might attempt to steal less than $20; if he succeeded, he makes his "get-away"; if he is caught in the act, he must go free, for he was only attempting to commit a misdemeanor. I do not subscribe to this doctrine, and in principle can see no difference in an attempt to commit a misdemeanor and an attempt to commit a felony; the offenses are both crimes, and the attempts should be also.

In my opinion the judgment should be affirmed.

Mr. Justice Marion concurs.