19841

Jerome COARDES, Appellant, v. STATE of South Carolina, and William D. Leeke, Department of Corrections, Respondents

(206 S. E. (2d) 264)

494

*Robert G. Clawson, Jr., Esq.,* of Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail,' Assist. Atty. Gen.,* of Columbia, and *Robert E. Wallace, Sol.,* and *A. Arthur Rosenblum, Asst. Sol.,* of Charleston, *for Respondents,*

June 17, 1974.

Moss, Chief Justice:

Jerome Coardes, the appellant herein, was indicted at the 1972 May Term of the Court of General Sessions for Charleston County and charged with (1) burglary and (2) assault with intent to ravish. Upon arraignment, with appointed counsel, on May 29, 1972, appellant entered a plea of "not guilty". The case was called for trial on May 31, 1972, at which time, as is conceded by the appellant, pursuant to a plea-bargain agreement, he tendered a plea under the indictment to the lesser included charge of assault and battery of a high and aggravated nature. Prior to the acceptance of the plea of guilty, the trial judge personally

conducted an examination of the appellant, with a stenographic record being made thereof by the Court Reporter, to determine whether the plea was being made voluntarily and with an understanding of the nature of the charge and the consequences of the plea. It appears from the record that the appellant told the trial judge he was eighteen years of age and had completed the ninth grade in high school. In response to the questions propounded by the trial judge, the appellant told him that he broke into the residence of the prosecuting witness in the nighttime, at about 4:00 A.M. He further admitted that without the consent of the prosecutrix he got into the bed and attempted to take indecent liberties with her. The appellant stated that he understood that he was entitled to a jury trial if he wanted one. He admitted that no promises were made to him by anyone in order to get him to enter a plea of guilty to the charge of assault and battery of a high and aggravated nature. He said he did not know of anything that his lawyers could have done that they had not already done. The trial judge advised the appellant that as a result of his plea that he could be given a sentence of ten years in prison. The trial judge determined from his examination of the appellant that his plea of guilty was freely and voluntarily entered, with a full understanding of the effect and consequence of such plea. Prior to the imposition of a sentence of ten years, the trial judge stated that based upon the facts revealed by the record, the appellant was guilty of the offense to which he had entered a plea; that the solicitor was amply justified under these facts in accepting such a plea; and that if it were not for the reputation of the prosecuting witness the appellant would be on trial for assault with intent to ravish or burglary, facing a possible life or death sentence.

The appellant, on November 27, 1972, filed his application for post-conviction relief in the Court of Common Pleas for Charleston County, pursuant to Section 17-601 *et seq.*, of the Code, alleging that he was denied the effective assistance of counsel, resulting in his plea of guilty being involuntarily made. He asked that he be granted a new trial.

The State duly filed a reply, incorporating the transcript of the proceedings had at the time the appellant entered his plea of guilty and asserting that there were no facts alleged in the petition when compared with the transcript of the record that entitled the appellant to an evidentiary hearing and asking that the application be dismissed.

The application of the appellant for post-conviction relief was heard by the Honorable Clarence E. Singletary, Resident Judge, who was also the trial judge at the time the appellant entered his plea of guilty. The trial judge, by his order dated August 3, 1973, dismissed the petition of the appellant, holding that it affirmatively appeared from the record that he was competently represented by counsel and his plea was entered knowingly, freely, voluntarily and upon the advice of counsel. He further held that there were no facts alleged, when compared with the record, that would entitle the appellant to an evidentiary hearing or any other relief. This appeal followed.

The appellant charges the trial judge with error in dismissing his application for post-conviction relief without conducting an evidentiary hearing. He asserts that under Section 17-606(b) of the Uniform Post-Conviction Procedure Act that disposition of his application on the pleadings and record is not proper if there exists a material issue of fact.

The appellant relies upon the case of *Chambers v. State,* S. C., 203 S. E. (2d) 426, where we said:

"The application here of the appellant alleged that his appointed counsel failed to render, *in several particulars,* effective and adequate representation at his trial, and as a result thereof, he entered an involuntary and unintelligent plea of guilty to the charges against him. While these allegations are denied by the return, *it cannot be fairly said that all of them are conclusively refuted by the record.* It follows that the application states facts sufficient to require an evidentiary hearing." (Emphasis added.)

We have held that a lack of effective assistance of counsel must be of such a kind as to shock the conscience of the court and make the proceedings a farce and mockery of justice, and mere allegations of incompetency or ineffectiveness of counsel will not ordinarily suffice as grounds for a new trial under the Post-Conviction Procedure Act. The bare assertion by the appellant that he was deprived of adequate and effective assistance of counsel is insufficient. Here, the appellant alleges only one particular in which his counsel failed to render him effective and adequate representation and that was that "his court appointed attorneys did not see him until the day of his plea of guilty." The record made at the time the appellant entered his plea of guilty, pursuant to a plea-bargaining agreement, conclusively refutes such contention. The record reflects that the attorneys for the appellant were appointed on May 23, 1972, and upon his arraignment on May 29, 1972, he entered a plea of "not guilty" to the charges of burglary and assault with intent to ravish. There can be no question but that at the time of his arraignment he was represented by his appointed counsel. This completely and conclusively refutes the claim of the appellant that he had not seen his appointed counsel until the day, May 31, 1972, he entered a plea of guilty to the lesser included charge of assault and battery of a high and aggravated nature.

It was through the efforts of his appointed counsel that a plea-bargaining agreement was reached, thereby avoiding his being tried for the greater and more serious offenses of burglary and assault with intent to ravish.

The plea of guilty by the appellant was accepted only after a lengthy inquiry by the trial judge to determine that he understood the nature of the charge against him and the consequences of his plea. While being questioned by the trial judge, the appellant voluntarily admitted his guilt and divulged how he entered the residence of the prosecutrix and the purpose for making such entry. Under the admis-

sions made, the appellant could have been convicted of a more serious offense.

It is our conclusion that there was no genuine issue of material fact raised by the appellant. The record amply sustains the conclusion of the trial judge that the appellant was competently represented by counsel and that his plea of guilty was freely, voluntarily and understandingly entered in accordance with the plea-bargaining agreement.

Our decision in *Chambers* is not here controlling, because there the application of the appellant alleged, in several particulars, that his appointed counsel failed to render him effective and adequate representation at his trial. The trial record did not conclusively refute all of those allegations and an evidentiary hearing was necessary to determine the material issue of fact raised by such allegations.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.