22120

The STATE, Appellant, v. Alfred B. KIRKLAND, Respondent.

(317 S. E. (2d) 444)

Supreme Court

*Sol. James C. Anders, Asst. Sols. Richard H. Whelchel* and *Stanley D. Ragsdale,* Columbia, *for appellant.*

*Joy Goodwin, Deputy Public Defender,* and *Asst. Appellate Defender William Isaac Diggs, of S. C. Office of Appellate Defense,* Columbia, *for respondent.*

Heard May 7, 1984.

Decided May 30, 1984.

NESS, Justice:

This is an appeal from an order quashing the State's indictment of respondent, Alfred B. Kirkland, for violation of S. C. Code Ann. § 44-23-1150 (1976), which prohibits sexual intercourse with State Hospital patients or trainees. The State contends the trial court erred in quashing the indictment on the basis that S. C. Code Ann. § 16-3-654 (1983 Supp.), which defines third degree criminal sexual conduct, overrules § 44-23-1150 by implication. We agree and reverse.

Section 44-23-1150 states in pertinent part:

> Any person having sexual intercourse with a patient or trainee of any State mental health facility ... *shall be*

*guilty* of a misdemeanor and, upon conviction, shall be punished by hard labor ... for a period not exceeding twenty years....

It is apparent that this section, in prohibiting sexual intercourse with any persons confined to a mental institution, imposes strict liability for its violation, as "neither lack of consent, intent, nor knowledge were made elements of the offense. Under the terms of the statute, if a person engages in the prohibited conduct with a patient or trainee of a mental facility, whether the status of the person molested, as a patient or trainee, is known or unknown to the accused, the offense is committed." *Guinyard v. State,* 260 S. C. 220, 227, 195 S. E. (2d) 392, 395 (1973).

The standard of liability for third degree criminal sexual conduct is quite different, however, from that of § 44-23-1150. Section 16-3-654, as it relates to the present situation, provides in Subsection (1)(b) that "[a] person is guilty of criminal sexual conduct in the third degree if the actor engages in sexual battery with the victim and ... [he] *knows or has reason to know* that the victim is mentally defective, mentally incapacitated, or physically helpless...." Clearly, the language of this section demands more than the mere commission of the act of intercourse itself.

"The repeal of a statute by implication is not favored, and is to be resorted to only in the event of an irreconcilable conflict between the provisions of the two statutes. If the provisions of the two statutes can be construed so that both can stand, this Court will so construe them." *In the Interest of Shaw,* 274 S. C. 534, 539, 265 S. E. (2d) 522, 524 (1980); *Strickland v. State,* 276 S. C. 17, 274 S. E. (2d) 430 (1981).

In *Guinyard, supra,* this Court determined § 44-23-1150 "was enacted in the exercise of the police power to provide protection for those persons whose mental condition required treatment and confinement, as a patient or trainee, at a State mental facility." 260 S. C. at 227, 195 S. E. (2d) 392. We hold the legislature, through its imposition of strict liability for commission of the prescribed act, intended this section to afford mental patients and trainees a higher degree of protection than that offered by § 16-3-654.

Additionally, "statutes of a specific nature are not to be considered as repealed ... by a later general statute unless

there is a direct reference to the former statute or the intent of the legislature to do so is explicitly implied therein." *Strickland,* 276 S. C. at 19, 274 S. E. (2d) 430. While the new criminal sexual conduct statutes explicitly repealed the old sections dealing with rape, assault with intent to ravish and carnal knowledge, there is no evidence of any legislative intent to also repeal § 44-23-1150.

For these reasons we hold the trial court erroneously determined § 16-3-654 overruled § 44-23-1150 by implication.

Reversed and remanded.

LITTLEJOHN, C. J., GREGORY and HARWELL, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.