22376

The STATE, Respondent, v. Matthew MIMS, Appellant.

(335 S. E. (2d) 237)

Supreme Court

*Asst. Appellate Defender Stephen P. Williams,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Solicitor Donald V. Myers,* Lexington, *for respondent.*

Submitted Aug. 1, 1985.

Decided Sept. 25, 1985.

*Per Curiam:*

Appellant pleaded guilty but mentally ill to assault with intent to kill. He was sentenced to imprisonment for twenty (20) years suspended upon the service of ten (10) years with probation for five (5) years. We remand for resentencing.

Appellant apparently fired a shotgun at police officers who were attempting to take him to the State Hospital for a court-ordered examination. The officers were not injured.

At the plea hearing, appellant's counsel argued that the maximum punishment for assault with intent to kill is ten (10) years since the twenty (20) year sentence for assault and battery with intent to kill requires both an assault and a battery. Although the trial judge expressed some uncertainty as to the maximum punishment, he ultimately imposed a twenty (20) year sentence.

The State contends that assault with intent to kill is properly punished as an assault and battery with intent to kill. We disagree.

Assault and battery is defined as "any touching of the person of an individual in a rude or angry manner, without justification." *State v. Harden,* 29 S.C.L. (2 Speers) 152 (1832). One degree of assault and battery is assault and battery with intent to kill which is classified as a felony and carries a maximum punishment of twenty (20) years. S. C. Code Ann. §§ 16-1-10 and 16-3-620 (1976).

Assault is "defined as an unlawful attempt or offer to commit a violent injury upon the person of another, coupled with a present ability to complete the attempt or offer by a battery." *In re McGee,* 278 S. C. 506, 299 S. E. (2d) 334 (1983); *State v. Jones* 133 S. C. 167, 130 S. E. 747 (1925). It differs from assault and battery in that there is no touching of the victim. Therefore, it is clear that assault with intent to kill may not be punished as an assault and battery with intent to kill.

In our opinion, assault with intent to kill is a misdemeanor. 6A C.J.S. *Assault & Battery § 63; see State v. Hill,* 254 S. C. 321, 175 S. E. (2d) 227 (1970). Since the General Assembly has not provided a specific punishment for assault with intent to kill, the maximum punishment for that offense is ten (10) years under S. C. Code Ann. § 17-25-30(1976). *State v. Storgee,* 277 S. C. 412, 288 S. E. (2d) 397 (1982); *State v. Hill, supra.*

Accordingly, the lower court erroneously sentenced appellant to imprisonment for more than ten (10) years. We affirm appellant's conviction and remand for resentencing.