1871

The STATE, Respondent v. Richard E. FULP, Appellant.

(423 S.E. (2d) 149)

Court of Appeals

*Assistant Appellate Defender Lesley M. Coggiola,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Rakale B. Smith,* Columbia; and *Sol. Ralph J. Wilson,* Conway, *for respondent.*

Heard Sept. 8, 1992.

Decided Oct. 5, 1992.

GOOLSBY, Judge:

The jury convicted Richard E. Fulp of assault with intent to commit criminal sexual conduct in the second degree in violation of S.C. Code Ann. § 16-3-656 (1985).[1] Fulp appeals, questioning the sufficiency of the evidence to support the verdict. He argues the evidence failed to establish "aggravated coercion" as required by S.C. Code Ann. § 16-3-653(1) (1985), the statute creating the offense of criminal sexual conduct in the second degree.[2] We affirm.

The victim here was visiting the Myrtle Beach area with her college roommate and several other girlfriends. Around midnight on the night of April 7, 1990, the victim's girlfriends decided to go outside for a walk. When they had not returned by 4:00 a.m., the victim, worried that something had happened to them, left her motel room to look for them. A little while later, she walked up to a man on the street and asked him whether he had seen her friends. While she was talking with the man, Fulp approached and asked the man for a cigarette.

The victim then started walking back to her motel room. She began to run when she realized Fulp, a person she did not know, was following her. The victim ran to the door at the back of her motel room after she remembered she did not have a key to the front door. When she reached the back of the motel, which was lighted only by the moon and a light from inside her room, the victim attempted to jump over a

---

[1] Section 16-3-656 provides: "Assault with intent to commit criminal sexual conduct . . . shall be punishable as if the criminal sexual conduct was committed."

[2] Section 16-3-653(1) provides: "A person is guilty of criminal sexual conduct in the second degree if the actor uses aggravated coercion to accomplish sexual battery."

railing that guarded the balcony to her room. Before she could clear the railing, however, Fulp grabbed the victim and pulled her down to the ground. He then spun the victim around and grabbed both her breasts with his hands. The victim lost her footing and fell. As she sat on the ground kicking and screaming, Fulp leaned toward her and began fumbling with the clothing that covered her stomach. Fulp ran away when the victim screamed the name of a friend still inside the motel room.

"Aggravated coercion" occurs if a person "threatens to use force or violence of a high and aggravated nature to overcome the victim or another person, if the victim reasonably believes that the actor has the present ability to carry out the threat." S.C. Code Ann. § 16-3-651(b) (1985).

Although Fulp did not verbally threaten the victim, his actions, beginning with his following the victim and ending with his fumbling with her clothing, support an inference that he threatened to use high and aggravated force upon the victim to accomplish a sexual battery. "Threats may be communicated by actions, words or deeds." *Seaton v. State*, 564 S.W. (2d) 721, 724 (Tex. Crim. App. 1978). The evidence, outlined above in the light most favorable to the state, is clearly sufficient, therefore, to support the verdict.

Fulp also argues there is no evidence of an intent to commit a sexual battery. This issue is not preserved because Fulp did not raise it below. *State v. Williams*, 303 S.C. 410, 401 S.E. (2d) 168 (1991). In any case, the argument is manifestly without merit. Fulp's actions, considered in the light of the attending circumstances, suggest he sought to do more than simply take indecent liberties with the female victim. *See State v. Tuckness*, 257 S.C. 295, 185 S.E. (2d) 607 (1971) (assault with intent to ravish case in which the court held intent can be proved by expressions or conduct considered in light of the given circumstances).

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting J., concur.