535 S.E.2d 928

**Richard CAMPBELL, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25183.

Supreme Court of South Carolina.

Submitted May 24, 2000.

Decided Aug. 14, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Matthew M. McGuire, all of Columbia, for petitioner.

Assistant Appellate Defender Melody J. Brown, of S.C. Office of Appellate Defense, of Columbia, for respondent.

PER CURIAM:

The State appeals the lower court's grant of post-conviction relief (PCR) to respondent. We affirm in result.

## FACTS

Respondent was indicted for first degree criminal sexual conduct with a minor for allegedly fondling the seven-year-old daughter of his live-in girlfriend. He pled guilty to committing a lewd act on a child under the age of sixteen and was sentenced to fifteen years imprisonment. His subsequent application for PCR was granted, based on a finding by the PCR court that respondent's plea was involuntary.

## ISSUE

Did the trial court have jurisdiction to accept respondent's plea?

## DISCUSSION

Although the issue raised to this Court concerned the voluntariness of respondent's plea, we affirm the PCR court's grant of relief to respondent because the trial court did not have subject matter jurisdiction to accept respondent's plea. Except for certain minor offenses, the circuit court does not have subject matter jurisdiction to hear a guilty plea unless (1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser included charge of the crime charged in the indictment. *Carter v. State*, 329 S.C. 355, 362,

495 S.E.2d 773, 777 (1998); S.C.Code Ann. § 17–19–10 (1985). Lack of subject matter jurisdiction may not be waived, and may be raised at any time, including on this Court's own motion. *See Anderson v. Anderson,* 299 S.C. 110, 115, 382 S.E.2d 897, 900 (1989).

■ Here, the grand jury never indicted respondent for the lewd act charge and respondent did not waive presentment to the grand jury. Committing a lewd act on a minor is not a lesser included offense of first degree criminal sexual conduct on a minor. *State v. Norton,* 286 S.C. 95, 332 S.E.2d 531 (1985); *see also* S.C.Code Ann. §§ 16–3–655(1) and 16–15–140 (1976 & Supp.1999). Therefore, the trial court was without jurisdiction to accept respondent's plea to the unindicted charge.

## CONCLUSION

Prosecutors must be cautious to ensure that subject matter jurisdiction is present when a defendant pleads to an unindicted offense. Finding no subject matter jurisdiction in this case, we **AFFIRM** the PCR court's grant of relief to respondent.