552 S.E.2d 727

**The STATE, Petitioner,**

v.

**Clyde ELLIOTT, Respondent.**

No. 25356.

Supreme Court of South Carolina.

Heard June 21, 2000.

Decided Sept. 4, 2001.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, all of Columbia; and Solicitor Randolph Murdaugh, III, of Hampton, for petitioner.

Deputy Chief Attorney Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

BURNETT, Justice:

We granted certiorari to review a decision of the Court of Appeals holding assault and battery of a high and aggravated nature (ABHAN) is not a lesser included offense of assault with intent to commit criminal sexual conduct (ACSC) in the third degree. *State v. Elliott*, 335 S.C. 512, 517 S.E.2d 713 (Ct.App.1999). We reverse.

## FACTS

Respondent was indicted for ACSC, first degree. Prior to trial, the indictment was amended to ACSC, third degree. The trial court instructed the jury on ACSC third and ABHAN, as a lesser included offense of ACSC third. The jury found respondent guilty of ABHAN. Respondent appealed, arguing the trial court was without subject matter jurisdiction to convict and sentence him for ABHAN because ABHAN is not a lesser included offense of ACSC third. The Court of Appeals agreed and reversed. *Id.*

## ISSUE

Is ABHAN a lesser included offense of ACSC?

### DISCUSSION

■ The test for determining when an offense is a lesser included offense of another is whether the greater of the two offenses includes all the elements of the lesser offense. *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998). The Court of Appeals reasoned that because battery is not an element of ACSC third, all the elements of ABHAN were not contained in ACSC third; thus ABHAN could not be a lesser included offense of ACSC third. *Elliott*, 335 S.C. at 514, 517 S.E.2d at 714.

■ A person is guilty of criminal sexual conduct when he commits a sexual battery, with the degree of CSC dependent upon the circumstances surrounding the act. *See* S.C.Code Ann. §§ 16–3–652 through –654 (1985 & Supp.2000). "Sexual battery" does not mean any battery of a sexual nature. Rather, it is statutorily defined to include only certain specific acts, which can be loosely described as involving penetration of some sort. S.C.Code Ann. § 16–3–651(h) (1985) (" 'Sexual battery' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except when such intrusion is accomplished for medically recognized treatment or diagnostic purposes."). Assault is "an unlawful attempt or offer to commit a violent injury upon another person, coupled with the present ability to complete the attempt or offer by a battery." *State v. Mims*, 286 S.C. 553, 554, 335 S.E.2d 237, 237 (1985). Assault differs from battery in that assault does not involve a touching of the victim. *Id.; see also State v. Murphy*, 322 S.C. 321, 325, 471 S.E.2d 739, 741 (Ct.App.1996). Although most attempted sexual batteries will involve a touching,[1] a

---

**1.** *See, e.g., State v. Frazier*, 302 S.C. 500, 397 S.E.2d 93 (1990) (assault with intent to commit criminal sexual conduct occurred when the defendant grabbed the victim, forced her into the woods, and ripped her clothes in an effort to commit a sexual battery); *State v. Fulp*, 310 S.C. 278, 423 S.E.2d 149 (Ct.App.1992) (the evidence supported a verdict of second degree assault with intent to commit criminal sexual conduct, even though the defendant did not verbally threaten the victim, where, after pulling her from the balcony railing over which she was trying to escape, the defendant grabbed her breasts with both hands and began fumbling with the clothing that covered her stomach; thus, the defendant's actions supported an inference that he threatened

person may be convicted of ACSC by proof of an assault with or without a battery.

Given that battery is not a necessary element of ACSC, it follows that ABHAN, which of course requires battery as an element, does not satisfy the elements test. Nevertheless, we have consistently incorporated ABHAN into the CSC framework as a lesser included offense of ACSC. The predecessor to ACSC was assault with intent to ravish (AIR). *See State v. Stewart*, 283 S.C. 104, 109, 320 S.E.2d 447, 451 (1984). ABHAN was considered a lesser included offense of AIR. *State v. Funchess*, 267 S.C. 427, 429, 229 S.E.2d 331, 331 (1976). Subsequent to the enactment of the CSC statutes, we have continued to treat ABHAN as a lesser included offense of ACSC.[2] *See State v. Frazier*, 302 S.C. 500, 397 S.E.2d 93 (1990) (ABHAN is a lesser included offense of ACSC first); *State v. Morris*, 289 S.C. 294, 345 S.E.2d 477 (1986) (ABHAN properly submitted to jury as lesser included offense of assault with intent to commit sexual battery). Indeed, in *State v. Drafts*, 288 S.C. 30, 340 S.E.2d 784 (1986), we expressly held ABHAN is a lesser included offense of ACSC.

To the extent that the elements of ABHAN and ACSC do not meet the elements test, we recognize this situation presents an anomaly in the law, akin to manslaughter and murder. The common law does not always fit into the neat categories we might prefer. Nevertheless, we find compelling reasons not to abandon our longstanding inclusion of ABHAN as a lesser included offense of attempted sexual battery crimes.

## CONCLUSION

█ We adhere to our prior position that ABHAN is a lesser included offense of ACSC. We recognize this holding deviates from the strict elements test, yet decline to overrule our many cases leading to this result. Despite the existence

---

to use high and aggravated force on the victim to commit a sexual battery).

**2.** Furthermore, the legislature, in enacting the CSC statutes, is presumed to know the common law and could have provided that ABHAN not be treated as a lesser offense of ACSC, as it was of AIR. *See State v. Bridgers*, 329 S.C. 11, 495 S.E.2d 196 (1997) (the legislature is presumed to be aware of the common law).

of a few anomalies, we reiterate our commitment to the elements test. We will continue to consider offenses on a case-by-case basis, beginning with the elements test.

**REVERSED.**

TOAL, C.J., MOORE and WALLER, JJ., concur.
PLEICONES, J., dissenting in a separate opinion.

PLEICONES, Justice:

I respectfully dissent, and would affirm the decision of the Court of Appeals as modified. In my opinion, fairness to the bench and bar requires that we adopt a lesser included offense test that applies to all cases and not utilize an *ad hoc* approach. The majority holds that the first step in any greater-lesser analysis is the application of the "elements test," and that where that test fails to yield the desired result, we may conclude that the offense should be considered a lesser as an "anomaly." In my view, this rule does not provide for the stability and predictability necessary in the criminal law.

As explained below, I would take this opportunity to restate the law of lesser included offenses.

Since this case involves the relationship between greater and lesser offenses, I begin by noting that the issue can arise [3] in any of four situations:

(1) whether a statutory offense is the lesser of another statutory offense;

(2) whether a statutory offense is the lesser of a common law offense;

(3) whether a common law offense is the lesser of a statutory crime; or,

(4) whether a common law offense is the lesser of a common law crime.

Where any of the first three scenarios are involved, the determinative question is whether the offenses can meet the "elements test." In the fourth situation, the critical issue is the historical relationship of the two offenses.

---

**3.** No such question will be presented where the legislature has specifically provided that one offense is the lesser included of another offense. *See State v. McFadden,* 342 S.C. 629, 539 S.E.2d 387 (2000).

In this dissent, I will first review the distinctions between common law offenses and statutory crimes.[4] I will next examine the evolution of the law of rape and sexual battery in South Carolina, and then explain why I agree with the Court of Appeals that assault and battery of a high and aggravated nature (ABHAN) is not a lesser included offense of assault with intent to commit criminal sexual conduct (AWCSC).

## A. THE TWO TESTS FOR LESSER INCLUDED OFFENSES

An indictment confers jurisdiction upon the circuit court,[5] and gives the defendant notice of the charges against him.[6] The language of the indictment determines the crime charged.[7] A defendant may be convicted of the crime charged in the indictment, or of any lesser included offense. *Campbell v. State*, 342 S.C. 100, 535 S.E.2d 928 (2000). This Court has repeatedly stated that the test for determining whether one crime is a lesser included of another is whether the greater of the two offenses includes all the elements of the lesser. *E.g., Knox v. State*, 340 S.C. 81, 530 S.E.2d 887 (2000); *Murdock v. State*, 308 S.C. 143, 417 S.E.2d 543 (1992).

I would hold that this "elements test" is to be applied where the lesser included issue involves the relationship between:

(a) multiple statutory offenses;

(b) a greater statutory and lesser common law offense; and

(c) a greater common law and lesser statutory offense.

A different test applies when the indictment charges a common law offense, and the question is whether that charge

4. I disagree with the majority that the situation presented here is "akin to murder and manslaughter" or that it can be explained away as a common law anomaly.

5. S.C. Const. art. I, § 11; S.C.Code Ann. § 17–19–10 (1985); *see, e.g., State v. Munn*, 292 S.C. 497, 357 S.E.2d 461 (1987).

6. S.C.Code Ann. § 17–19–20 (1985); *see, e.g., State v. Owens*, 293 S.C. 161, 359 S.E.2d 275 (1987), *subsequent history omitted.*

7. *See, e.g., State v. Banks*, 84 S.C. 543, 66 S.E. 999 (1910)(where allegations of indictment are appropriate to two offenses but only one is sufficiently stated, only sufficient charge may be upheld).

includes any lesser included common law crimes. In deciding this issue, reference must be had to the common law development of the crime and its historical lesser included offenses, and not to the "elements test."

At common law, an indictment for the greater offense includes within it all the lesser grades of that crime. 31 C.J. *Indictments and Informations* § 482 (1923); *State v. Gaffney,* 24 S.C. Law (1 Rice) 431 (1839). Thus, it is not necessary that the greater common law offense include all the elements of its lesser grades. In fact, it often does not.

For example, murder is defined as the unlawful killing of a human being with malice aforethought, and includes the lesser offense of manslaughter, the unlawful killing of a person without malice. *E.g., State v. Gaffney, supra* ; *compare* S.C.Code Ann. § 16–3–10 (1985) (defining murder) *with* § 16–3–50 (Supp.1999)(defining manslaughter). When the grades of common law homicide[8] are defined this way, murder and manslaughter satisfy the "elements test" described above.

Manslaughter, however, is further divided under South Carolina common law into two grades. The greater, voluntary manslaughter, is the unlawful killing of another without malice in sudden heat of passion upon a sufficient legal provocation.[9] The lesser, involuntary manslaughter, is the unintentional killing of another without malice while acting in a criminally negligent manner.[10] The lack of malice in manslaughter is thus defined in two different ways in order to reflect differing degrees of culpability, and therefore it is inaccurate to assert that voluntary manslaughter includes all the elements of involuntary manslaughter. It is similarly inaccurate to state that

---

**8.** The recognition of these lesser grades of homicide, and their accompanying lesser punishments, developed as the common law recognized that some killings were more heinous than others: "The distinction between murder and manslaughter ... is not merely an arbitrary rule, but is founded on a thorough knowledge of the human heart, and framed in compassion to the passions and frailties which belong to and are inseparable from our natures." *State v. Ferguson,* 20 S.C. Law (2 Hill) 619, 621–622 (1835).

**9.** *See, e.g., State v. Locklair,* 341 S.C. 352, 535 S.E.2d 420 (2000).

**10.** *See* S.C.Code Ann. § 16–3–60 (Supp.1999).

common law murder includes all the elements of its lesser included offenses of manslaughter.

I would therefore hold that the question whether a greater common law charge includes a lesser common law offense is determined by reference to the historical common law development of those offenses, and not by reference to a pure "elements test."

### B. CLASSIFICATION OF OFFENSE AS COMMON LAW OR STATUTORY

I acknowledge that it is not always clear whether a violation of the criminal law in South Carolina is a statutory offense or a common law crime. For example, § 16-3-10 defines murder and S.C.Code Ann. § 16-3-20 (Supp.1999) provides for its punishment. Despite these statutes, murder remains a common law offense in this State. *See, e.g., Hinson v. State,* 297 S.C. 456, 377 S.E.2d 338 (1989)("There is no distinction between statutory and common-law murder: the statute is merely declaratory of the common law."). In addition to the codification of the common law forms of homicide, the legislature has created several **statutory** forms of homicide. *See, e.g.,* S.C.Code Ann. §§ 16-3-40 (1985)(killing by stabbing or thrusting); 16-3-85 (Supp.1999)(homicide by child abuse). These **statutory** homicides are not lesser included offenses of a **common law** murder charge because they cannot meet the "elements test" applied when the greater-lesser question involves a common law/statutory combination. *See State v. Kornahrens,* 290 S.C. 281, 350 S.E.2d 180 (1986), *subsequent history omitted* (killing by stabbing or thrusting is not a lesser included offense of murder since it requires proof of an element not required for murder).

### C. APPLICATION TO THE FACTS OF THIS CASE

#### 1. *Issue presented*

Respondent was convicted of assault and battery of a high and aggravated nature (ABHAN) under an indictment charging him with a violation of S.C.Code Ann. § 16-3-656 (1985). This statute provides that an assault with intent to commit criminal sexual conduct (AWCSC) is punishable in the same

manner and to the same extent as the completed offense. The indictment alleged that, if completed, the offense would have constituted third degree criminal sexual conduct[11] under S.C.Code Ann. § 16–3–654(1)(a)(1985) because it charged that respondent attempted to have sexual intercourse with the victim using force.

In order to determine whether to apply the "same elements" analysis or a common law approach to the lesser included issue presented here, the first determination is whether ABHAN and AWCSC are statutory or common law crimes. It is clear that ABHAN is a common law offense. *State v. Hill,* 254 S.C. 321, 175 S.E.2d 227 (1970). The question then becomes whether AWCSC is a statutory or common law offense.

### 2. *State's position*

The State relies upon statements made in previous decisions to support its contention that ABHAN is a lesser included offense of AWCSC. It relies upon this syllogism:

(1) common law rape included the lesser offense of assault with intent to rape (or ravish)[12] (AWIR); and,

(2) since ABHAN is a lesser included offense of AWIR;[13] and,

(3) since this Court has equated AWIR and AWCSC;[14] (4) therefore, ABHAN is a lesser offense of AWCSC.

In order to expose the flaw in this analysis, it is necessary to review the law of rape and sexual assault in this State. I would explicitly overrule several cases which, I conclude, were wrongly decided.

---

**11.** At trial, respondent's indictment was amended from a charge of first degree AWCSC to third degree. No reason for this amendment appears in the record.

**12.** The terms "rape" and "ravish" are interchangable.

**13.** *State v. Funchess,* 267 S.C. 427, 229 S.E.2d 331 (1976).

**14.** *State v. Stewart,* 283 S.C. 104, 320 S.E.2d 447 (1984).

### 3.  *History of sexual offenses*

South Carolina defined common law rape as the "unlawful carnal knowledge [15] of a woman forcibly and without her consent, or unlawful carnal knowledge of a female child under the age of fourteen." [16]  *State v. Wilson,* 162 S.C. 413, 161 S.E. 104 (1931).  While other sexual acts were codified as criminal offenses,[17] rape could be committed only by a male upon a female victim.  Assault with intent to rape or ravish (AWIR) was similarly limited to a female victim.  *State v. Tuckness,* 257 S.C. 295, 185 S.E.2d 607 (1971).

When the legislature enacted the comprehensive criminal sexual battery act in 1977,[18] it repealed only those statutes dealing with rape,[19] leaving undisturbed the statutes criminalizing other sexual acts.[20]  In enacting this comprehensive sexual battery legislation, the General Assembly replaced the narrow common law rape concepts with much broader terms. For example, under the act, the aggressor in a sexual battery need no longer be male, nor the victim female.  *Compare* S.C.Code Ann. § 16–3–651(a)(defining "Actor") *with* § 16–3–651(i)(defining "Victim").  Further the term "sexual battery" includes numerous acts not constituting "carnal knowledge." S.C.Code Ann. § 16–3–651(h)(1985).  In addition, the legislature chose to divide the offense of sexual battery into three degrees, which are generally differentiated by the amount of

15.  Carnal knowledge was defined as "penetration of the female genital organ by the male genital organ."  *E.g., State v. Worthy,* 239 S.C. 449, 123 S.E.2d 835 (1962); *State v. Miller,* 211 S.C. 306, 45 S.E.2d 23 (1947).

16.  The 1895 constitution fixed the age of consent at fourteen.  S.C. Const. art. III, § 33 (1895).

17.  *See, e.g.,* incest, now codified at S.C.Code Ann. § 16–15–20 (1985); adultery or fornication at § 16–15–60 (1985); buggery at § 16–15–120 (1985).

18.  1977 Act No. 157, now codified at S.C.Code Ann. §§ 16–3–651 to 16–3–659.1 (1985 and Supp.1999).

19.  1977 Act No. 157, § 12; *State v. Kirkland,* 282 S.C. 14, 317 S.E.2d 444 (1984).

20.  *See* statutes in footnote 15, *supra.*

force involved or the special vulnerability of the victim. S.C.Code Ann. §§ 16–3–652 to –655 (1985 and Supp.1999).

Despite comments in some of our previous opinions, it is incorrect to equate common law rape with the statutory offense of criminal sexual conduct (CSC). While all rapes are sexual batteries, not all sexual batteries are rapes. I would therefore overrule *State v. Middleton,* 295 S.C. 318, 368 S.E.2d 457 (1988), *subsequent history omitted,* and *State v. Elmore,* 279 S.C. 417, 308 S.E.2d 781 (1983), *subsequent history omitted,* to the extent they hold the terms rape and CSC are interchangeable.

As noted above, the common law recognized an offense known as "assault with intent to rape [or ravish]" (AWIR). AWIR was defined as an overt act done with the intent to rape. *State v. Wilson, supra*; *see also State v. Tuckness, supra.* Three cases state that ABHAN is a lesser included offense of AWIR. *State v. Vaughn,* 268 S.C. 119, 232 S.E.2d 328 (1977), *State v. Funchess,* 267 S.C. 427, 229 S.E.2d 331 (1976), and *Coardes v. State,* 262 S.C. 493, 206 S.E.2d 264 (1974). *Coardes v. State* and *State v. Vaughn* cite no authority in support of this proposition, and *State v. Funchess* cites only *State v. Shea,* 226 S.C. 501, 85 S.E.2d 858 (1955). In fact, the defendant in *State v. Shea* had been indicted in **separate counts** for ABHAN and AWIR.[21] Since the two offenses were contained in separate counts of the indictment, there was no need for the *Shea* court to engage in a greater-lesser analysis. I would now overrule *Coardes v. State, State v. Funchess,* and *State v. Vaughn* to the extent they hold that ABHAN is a lesser included offense of AWIR because there is no authority for these holdings.

### 4. *ABHAN is not a lesser included of AWCSC*

Even if ABHAN were a true lesser included offense of AWIR, AWIR was repealed and replaced by AWCSC in the 1977 sexual battery act. *State v. Kirkland, supra*; *State v. Stewart, supra.* Since AWCSC criminalizes an assault with

---

**21.** This was a common practice. *See, e.g., State v. Tuckness, supra*; *State v. Collins,* 228 S.C. 537, 91 S.E.2d 259 (1956); *State v. Dalby,* 86 S.C. 367, 68 S.E. 633 (1910); *compare State v. Rich,* 269 S.C. 701, 239 S.E.2d 731 (1977) (indictment for assault **and battery** with intent to ravish); *State v. Johnson,* 84 S.C. 45, 65 S.E. 1023 (1909) (same).

intent to commit any degree of CSC, and since CSC encompasses numerous acts not within the definition of the terms "rape" or "ravish," it is inaccurate to equate the common law crime of AWIR with the statutory offense of AWCSC. Accordingly, I would overrule *State v. Stewart, supra,* which holds the terms are interchangeable. Further, I would hold that AWCSC is a statutory offense, not simply the codification of a common law crime.

Since respondent was convicted of a **common law** offense (ABHAN) under an indictment charging him with the **statutory** offense of third degree AWCSC, I would apply the "same elements" test to determine whether ABHAN is a lesser included offense of AWCSC.

The elements of the statutory offense of AWCSC are determined by the statute's language.[22] *State v. Hill, supra.* The Court of Appeals held, and I agree, that ABHAN cannot be a lesser included offense of AWCSC because ABHAN includes the element of battery which is not an element of AWCSC.

The dispositive fact in this case is that respondent was charged with an assault. An assault is distinguished from a battery in that an assault involves no unlawful touching of the victim, while a battery necessarily involves such physical contact. *State v. Mims,* 286 S.C. 553, 335 S.E.2d 237 (1985). For this reason, I agree with the Court of Appeals that a charge of AWCSC in **any** degree under § 16–3–656 cannot include as a lesser offense a crime that includes, as does ABHAN, battery as one of its elements. *State v. Elliott, supra; State v. Clarkson,* 337 S.C. 518, 523 S.E.2d 817 (Ct. App.1999); *State v. Ervin,* 333 S.C. 351, 510 S.E.2d 220 (Ct.App.1998); *see also State v. Murphy,* 322 S.C. 321, 471 S.E.2d 739 (Ct.App.1996)(**assault** of a high and aggravated nature is a lesser included offense of AWCSC 1 st with a minor). Accordingly, I would overrule our earlier decisions

---

**22.** I acknowledge that particularly in the CSC area, where the legislature has defined alternate methods of committing each degree of the offense, application of the "same elements" test will result in the inclusion of different lesser included offenses depending on the form of the crime charged. For example, the Court recently clarified that third degree CSC under S.C.Code Ann. § 16–3–654(1)(b) is not a lesser included offense of first degree CSC under § 16–3–652. *State v. McFadden, supra* at footnote 1.

which hold that ABHAN is a lesser included offense of AWCSC. *State v. Morris,* 289 S.C. 294, 345 S.E.2d 477 (1986); *State v. Drafts,* 288 S.C. 30, 340 S.E.2d 784 (1986).

### 5. *Conclusion*

In suggesting that we should reconsider and overrule these decisions, I recognize that the courts have implicitly (and sometimes explicitly, as does the majority here; *see also State v. Drafts, supra,* and *State v. Murphy, supra* ) read the word "assault" in § 16–3–656 as "attempt." While certain types of attempts may be subsumed by other crimes,[23] the terms are not synonymous. Further, where an attempt crime [24] exists, it is properly considered a lesser included offense of the completed offense,[25] so long as the completed offense is a felony.[26]

I would affirm the Court of Appeals' decision vacating respondent's conviction. Where the State is unsure which of several offenses the defendant may have committed, and where it is unclear whether these offenses are lesser included offenses under the tests I suggest that we adopt, the State is free to seek multiple indictments or a multi-count indictment in which each offense is alleged as a separate charge.

For the reasons given above, I respectfully dissent.

---

**23.** We recently declined to recognize the crime of attempted murder, finding the conduct it would punish already covered by assault and battery with intent to kill and assault with intent to kill. *State v. Sutton,* 340 S.C. 393, 532 S.E.2d 283 (2000).

**24.** Generally, "A person who commits the common law offense of attempt, upon conviction, must be punished as for the principal offense." S.C.Code Ann. § 16–1–80 (Supp.1999) *but see, e.g.,* S.C.Code Ann. § 44–53–420 (1985)(certain drug attempt offenses punished as half the completed offense).

**25.** *State v. Hiott,* 276 S.C. 72, 276 S.E.2d 163 (1981).

**26.** *State v. Redmon,* 121 S.C. 139, 113 S.E. 467 (1922).