THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Interest
 of Gavin N., a minor under the age of eighteen, Appellant.
 
 
 

Appeal From Florence County
 A. E. Gene Morehead, III, Family Court
 Judge
Unpublished Opinion No. 2008-UP-312
Submitted April 1, 2008  Filed June 20,
 2008
AFFIRMED 

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Harold M. Coombs, Jr., of Columbia; and Solicitor Edgar
 Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM: Appellant
 appeals the family courts order finding him guilty of two counts of assault
 with intent to commit criminal sexual conduct (ACSC) in the first degree.  We
 affirm.[1]
FACTS
On August 10, 2006, Appellant was brought before the family court
 for trial on the following charges:  (1) two counts of first degree burglary;
 (2) two counts of first degree ACSC; (3) two counts of third degree ACSC; (4)
 three counts of assault and battery of a high and aggravated nature (ABHAN); (5)
 two counts of strong arm robbery; (6) three counts of petit larceny; (7) one
 count of attempted strong arm robbery; and (8) three counts of kidnapping.  Before
 the trial commenced, Appellant pled guilty to all charges except the four ACSC
 charges.  The family court accepted Appellants pleas, postponed sentencing
 Appellant on the pleaded offenses until after the trial on the remaining
 offense concluded, and proceeded to conduct Appellants trial on the remaining
 offenses.
At the conclusion of the States case in chief, Appellants
 attorney moved to dismiss the remaining charges on the ground of double
 jeopardy.  Appellants attorney argued some of these counts  the testimony
 offered and the allegations made in the counts seem to [mirror] what hes (sic)
 already pled to . . . .  The family court ruled [d]ouble jeopardy is not
 attached.  Ultimately, the family court found Appellant guilty of both counts
 of first degree ACSC and dismissed both counts of third degree ACSC.
LAW/ANALYSIS
Appellant argues
 the trial court violated the double jeopardy clause by finding him guilty of
 two counts of ACSC because he had pleaded guilty to ABHAN under the same set of facts.  We disagree.
In State
 v. Coleman, 365 S.C. 258, 262-63, 616 S.E.2d 444, 446 (Ct. App. 2005)
 (citation omitted), this court stated the purpose of the double jeopardy clause:

 The Double Jeopardy Clauses of the United States and South Carolina Constitutions protect citizens from being twice placed in
 jeopardy of life or liberty. See U.S. Const. amend. V (No person shall
 be . . . subject for the same offence to be twice put in jeopardy of life or
 limb . . . .); S.C. Const. art. I, § 12 (No person shall be subject for the
 same offense to be twice put in
 jeopardy of life or liberty . . . .). Under the law of double jeopardy,
 a defendant may not be prosecuted for the same offense after an acquittal, a
 conviction, or an improvidently granted mistrial.

The
 Supreme Court of the United States has held the Double Jeopardy Clause affords
 defendants three protections:

 [It] protects
 against a second prosecution for the same offense after acquittal.  It protects
 against a second prosecution for the same offense after conviction.  And it
 protects against multiple punishments for the same offense.  Where consecutive
 sentences are imposed at a single criminal trial, the role of the
 constitutional guarantee is limited to assuring that the court does not exceed
 its legislative authorization by imposing multiple punishments for the same
 offense.  Where successive prosecutions are at stake, the guarantee serves a
 constitutional policy of finality for the defendants benefit. That policy
 protects the accused from attempts to relitigate the facts underlying a prior
 acquittal, [] and from attempts to secure additional punishment after a prior
 conviction and sentence.

Brown v. Ohio, 432 U.S. 161, 165-66 (1977) (internal citations
 omitted).  It is well established that ABHAN is a
 lesser included offense of ACSC.  See State v. Elliott,
 346 S.C. 603, 607, 552 S.E.2d 727, 729 (2001) (overruled on other
 grounds).
In Ohio v. Johnson, 467 U.S. 493 (1984), the Supreme Court of the United States
 addressed the implications of the Double Jeopardy Clause when a defendant
 pleads guilty to a lesser included offense.  The court stated [t]he acceptance
 of a guilty plea to lesser included offenses while charges on the greater
 offenses remain pending, moreover, has none of the implications of an implied
 acquittal which results from a verdict convicting a defendant on lesser
 included offenses rendered by a jury charged to consider both greater and
 lesser included offenses.  Id. at 501-2.  The court found that
 prosecution of the greater offenses was not barred by the Double Jeopardy
 Clause and, specifically held [w]hile the Double Jeopardy Clause may protect a
 defendant against cumulative punishments for convictions on the same offense,
 the Clause does not prohibit the State from prosecuting [a defendant] for such
 multiple offenses in a single prosecution.  Id. at 500.  
Here,
 Appellant pleaded guilty to lesser offenses.  The trial court accepted the
 pleas and held the matter of sentencing in abeyance until Appellant was tried
 for the remaining offenses.  Immediately following the acceptance of the guilty
 pleas, the trial for the remaining charges was conducted.  At the conclusion of
 the trial, the trial court found Appellant guilty of both counts of first degree ACSC, dismissed
 both counts of third degree ACSC, and committed Appellant to the custody of the
 Department of Juvenile Justice not to exceed his twenty-first birthday.  Appellant was not subjected to cumulative punishments
 for convictions on the same offenses.  Accordingly, we find no violation of the
 Double Jeopardy Clause.
CONCLUSION
For the reasons stated above, the order of the circuit court is
AFFIRMED. 
ANDERSON,
 SHORT, and THOMAS JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.