9737

STATE v. CHARLES *ET AL.*

(93 S. E. 136.)

1. CRIMINAL LAW—EVIDENCE—RELEVANCY.—In a criminal trial of two defendants for aggravated assault and battery in Court of Sessions, where it appeared that one of the defendants had pleaded guilty before the city council, Court properly sustained an objection to question whether city council made a case against the other defendant or discharged him, since Court is not bound by anything city council did.

2. CRIMINAL LAW—EVIDENCE—FORM OF OBJECTION.—In a criminal trial for aggravated assault and battery in Court of Sessions, Court properly overruled a general objection to the question whether defendant pleaded guilty to the offense in the municipal Court.

3. CRIMINAL LAW—EVIDENCE—PREJUDICIAL ERROR.—In a criminal trial, the record does not show that sustaining of an objection to a question is prejudicial error, where it does not show what the answer would have been.

4. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.—In a criminal trial of two defendants for aggravated assault and battery, where evidence shows that both defendants were on the street together, that one prevented bystander from interfering, while the other committed the assault, and when others came up said to the assailant, "That is enough," Court does not err in refusing to direct a verdict in favor of the former.

5. CRIMINAL LAW—SENTENCE.—Under Cr. Code 1912, sec. 105, providing that where no punishment is provided by statute, Court shall award such sentence as is conformable to the common usage and practice in this State, Court does not err in sentencing defendants on conviction for an aggravated assault and battery to imprisonment without option of paying fine.

6. CRIMINAL LAW—INSTRUCTIONS.—In criminal trial in Court of Sessions, where it appears that defendants have been previously tried in municipal Court, no prejudicial error is committed in instructing jury as to powers of that Court, since proceedings were irrelevant.

Before PEURIFOY, J., Union, September, 1916. Affirmed.

L. M. Charles and another were convicted of assault and battery of a high and aggravated nature, and appeal.

*Mr. J. C. Otts,* for appellant.

*Mr. Solicitor Blackwood* and *Messrs. John K. Hamblin* and *Macbeth Young,* for respondent. *Mr. Young* cites: *As to sentence on conviction for assault and battery:* 88 S. C. 229; 89 S. C. 134; 86 S. C. 369, 370. *Relevancy of testimony within discretion of trial Court:* 98 S. C. 121; 35 S. C. 41; 60 S. C. 67; 65 S. C. 2; 72 S. C. 350; 73 S. C. 387; 75 S. C. 265; 76 S. C. 275; 83 S. C. 58 and 103; 85 S. C. 17; 89 S. C. 135 and 235. *Failure to state grounds of objection to testimony:* 53 S. C. 77. *Foundation for contradiction of witnesses:* 73 S. C. 277; 24 S. C. 190; 15 S. C. 381; 33 S. C. 582; 2 McC. 230; 49 S. C. 414; 52 S. C. 488; 55 S. C. 33; 76 S. C. 105; 88 S. C. 127.

July 6, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants were convicted of assault and battery of a high and aggravated nature. There is evidence in the case that tends to show that appellants were on the street of Union, and A. C. Mann and Dr. Pope met them; that some words passed between Mr. Mann and Mr. Charles; that a fight followed, in which Mr. Mann was severely beaten; that Dr. Pope tried to interfere, and Mr. Estes prevented it, and when others came up to separate the combatants, Mr. Estes said to Mr. Charles, "That is enough." There is evidence that the city had a trial of the case; that only Mr. Charles was tried, and that he pleaded guilty. Both defendants were convicted in the Court of Sessions, and appealed to this Court.

1. There are nine exceptions, but not near so many argued. "It is respectfully submitted that his Honor erred in sustaining the State's objection to the question, as a result of what Dr. Pope said, 'Did the city council make any case against Mr. Estes, or did they discharge him, so far as this fight was concerned?'" There was no error here. The Court of General Sessions could

not be bound by anything the city council did, and the question was irrelevant.

2. The next objection is that his Honor erred in allowing a witness to state that the defendant, Charles, pleaded guilty in the municipal Court. The record shows: "Q. What statement did Charles make in that Court, if anything? (Objection by Mr. Otts.) Q. Did he enter a plea of guilty, or not guilty? A. He did. Q. Which one was it? A. He entered a plea of guilty, and asked that we go into the case, as he wanted the public to understand the circumstances in the case."

This exception cannot be sustained for two reasons; no ground of objection was stated. The objection was to a general statement by Charles, and no objection to the plea of guilty.

3. The next error assigned is the exclusion of testimony of a witness. The record shows: "M. H. Evans, sworn for defendant, testified: I am chief of police; there was no case against Estes. Q. Did you hear Dr. Pope testify in the mayor's Court that he did not see Estes do anything except try to part them, or words to that effect? (Objection by the Solicitor.) A. Not words to that effect, but that— By the Court: You will have to confine yourself to the question propounded. (The question propounded to Dr. Pope was: 'Didn't you testify in the mayor's Court, before Mayor *Pro Tem.* Smith, that you didn't see Estes try to do anything except try to separate them?') Q. Why did you make a case against Estes? (Objection by the Solicitor, on the ground that it is incompetent. Objection sustained by the Court.)"

We cannot say that there was error here, unless we knew what the witness would have said. This is illustrated in this very case.

One exception (not argued) complains of error in excluding the answer to the question, "What was said by these par-

ties (the defendants) in reference to a jitney bus?" The answer was, "There was nothing said by either of them about a jitney bus, or where they were going." The record must show prejudicial error, and this record does not show it.

4. Because his Honor refused to direct a verdict in favor of the appellant, Estes. The evidence was abundant. There was evidence that both appellants were on the street together; that Estes walked out in the street and looked in the direction from which Mann came; that when the affair was in progress, Estes prevented Dr. Pope from interfering, and when others came up, said to the assailant, "That is enough."

5. Because the appellants were sentenced to imprisonment instead of being allowed the option to pay a fine. Criminal Code, section 105, reads: "In cases of legal conviction, where no punishment is provided by statute, the Court shall award such sentence as is conformable to the common usage and practice in this State, according to the nature of the offense, and not repugnant to the Constitution."

Corpus Juris, vol. V, p. 807: "At common law, an assault or an assault and battery may be punished, either by fine or imprisonment or both."

The nature of the offense in this case demanded severe punishment.

6. The next alleged error is a modification of a request to charge as to the powers of municipal Courts. It having been held that the proceedings in the municipal Court as such were irrelevant, no prejudicial error could have been committed in stating its powers.

The exceptions are overruled, and the judgment appealed from affirmed.

MR. CHIEF JUSTICE GARY did not participate in the consideration of this case.