19067

The STATE, Respondent, v. Matthew HILL and Georgia Mae Hill, Appellants

(175 S. E. (2d) 227)

324

*Joseph E. Major, Esq., of Leatherwood, Walker, Todd & Mann* and *Robert A. Dobson, III, of Dobson & Dobson,* of Greenville, *for Appellants,*

*B. O. Thomason, Jr., Esq., Solicitor,* of Greenville, *for Respondent,*

June 16, 1970.

LEWIS, Justice.

The appellants Matthew Hill and his wife, Georgia Mae Hill, were convicted in the General Sessions Court for Greenville County of the crime of assault and battery of a

high and aggravated nature and each was sentenced to serve ten years and pay a fine of $10,000. They challenge their conviction and sentence upon the grounds that (1) their plea of former jeopardy should have been sustained by the lower court, (2) the lower court erred in refusing to instruct the jury that the failure of the State to call certain police officers as witnesses raised a presumption that their testimony would have adverse to the State, and (3) the sentences constituted cruel and unusual punishment in violation of the statutes and the applicable provisions of both the State and Federal Constitutions.

The incident, out of which the criminal charges against appellants arose, occurred on March 15, 1968 in the City of Greenville at the home of the prosecuting witness, Major Morgan. Appellants resided in Morgan's home in a room rented from him. On the occasion in question, they made a vicious assault upon Morgan with a stick and chair. The injuries inflicted were serious and resulted in the loss by Morgan of the sight in his right eye. He has previously lost his left eye and is now blind. The difficulty began in the house and ended in the front yard. It was accompanied by sufficient noise and cursing by appellants to disturb the neighbors and attract them to the scene.

Appellants were arrested by City officers and charged in the municipal court for the City of Greenville with the offense of disorderly conduct. They posted and subsequently forfeited bail. The parties have agreed that, for the purposes of the plea of double jeopardy, the forfeiture of bail amounted to a conviction of disorderly conduct. Later, they were indicted in this case in State Court for assault and battery with intent to kill and convicted of the included lesser offense of assault and battery of a high and aggravated nature. Both, the charge of disorderly conduct and assault and battery, arose out of the difficulty between the parties on March 15, 1968. Based upon such prior conviction in City Court of disorderly conduct, appellants interposed

the plea of former jeopardy as a bar to the present prosecution. The lower court refused to sustain the plea and the first question to be determined involves the correctness of this ruling.

The United States Supreme Court has recently decided that the double jeopardy clause of the Fifth Amendment to the Federal Constitution is now applicable to the States through the Fourteenth Amendment, *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L. Ed. (2d) 707. In doing so, the prior contrary holding in *Palko v. Connecticut,* 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288, was overruled.

Following *Benton,* the case of *Waller v. Florida,* 397 U. S. 387, 90 S. Ct. 1184, 25 L. Ed. (2d) 435, was decided. Waller held the separate sovereignty rule inapplicable between two courts within the same State and sustained a plea of double jeopardy to the subsequent prosecution of a defendant in the State Court, where he had been previously convicted in a municipal court for the identical offense.

However, these decisions do not impinge upon the settled rule, applicable here, that the provisions against double jeopardy apply only to a second prosecution for the same act and crime, both in law and fact, for which the first prosecution was instituted.

The parties agree in the briefs that appellants were convicted in municipal court for disorderly conduct under an ordinance which made it "unlawful for any person to engage in riotous or disorderly conduct of any kind or * * * to cry out in a noisy, scandalous or abusive manner * * * on any street, sidewalk or other public place, or sufficiently near to any such place or to any residence or place of business as to disturb or annoy any other person."

Disorderly conduct is not a common law crime and what constitutes the offense depends primarily upon the wording of the particular statute or ordinance providing for its punishment. 12 Am. Jur. (2d), Breach of

Peace, Etc., Sections 29 and 30. We find it unnecessary here to determine all of the types of conduct which may constitute disorderly conduct under the present ordinance. It is clear however that noisy, scandalous or abusive language, including cursing, indulged in sufficiently near to any public place or residence as to disturb or annoy any other person is specifically included in the conduct prohibited. It is equally clear that an assault and battery is not included within the meaning of disorderly conduct under the present ordinance.

Appellants were subsequently convicted in this case of the offense of assault and battery of a high and aggravated nature, which is defined in our decisions to be "an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, the great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, and others." *State v. Johnson,* 187 S. C. 439, 198 S. E. 1. The municipal court for the City of Greenville had no jurisdiction over the offenses of assault and battery of a high and aggravated nature.

Disorderly conduct under the City ordinance and assault and battery of a high and aggravated nature are separate and distinct crimes. Proof of scandalous or abusive language was unnecessary to make out the offense of assault and battery. Neither was proof of an assault and battery necessary to constitute the crime of disorderly conduct. The offenses were separate and distinct and the facts necessary to sustain each were different. Appellants, in law and fact, committed separate offenses which supported separate charges.

The sufficiency of the evidence to sustain the charge of disorderly conduct, and the charge of assault and battery, is not questioned.

The lower court was accordingly correct in refusing to sustain appellants' plea of former jeopardy.

It is next contended that the trial judge erred in refusing to instruct the jury, at appellants' request, that the failure of the State to call the investigating officers as witnesses raised a presumption that their testimony would have been adverse to the State.

The State is not required to call every person as a witness who may give evidence in its favor; but an adverse inference may arise against the State, as any other litigant, from the unexplained failure to call an available witness on a material issue. *State v. Clark,* 4 Strob. Law 311; *State v. Watts,* 249 S. C. 80, 152 S. E. (2d) 684; *State v. Richardson,* S. C., 171 S. E. (2d) 717.

There is no circumstance present which would warrant the adverse inference sought to be drawn from the failure of the State to call the officers as witnesses in this case. Such inference does not arise merely because the witnesses were police officers. They were not present when the crime was committed but subsequently came to the scene and nothing has been shown which would create a likelihood of bias on their part against the appellants. There is a total absence of any circumstances to indicate that such competent and relevant information as these officers might have gained through their investigation would not have been just as freely and impartially given as witnesses for either the appellants or the State. Their testimony was equally available to all parties.

There is no contention that the officers were not available in the sense that appellants could not have secured their presence to testify.

The State fully proved the charges against the appellants through the testimony of other witnesses and the testimony of the officers was not material to the State's case. It is contended, however, that the State should have called the

officers as witnesses because their testimony "might have cleared up" some matters affecting the plea of self defense interposed by appellants and aided in proving their innocence. Under the present circumstances there was no such duty on the State.

Since the testimony of the officers was not material to the State's case and was equally available to the appellants, the State was not required to call the officers as witnesses because they might have given testimony to show appellants' innocence; and no adverse inference could be drawn from the failure of the State to do so.

Finally, appellants contend that the sentence imposed constituted cruel and unusual punishment in violation of the statutes and the applicable provisions of the State and Federal Constitutions.

The offense of assault and battery is not a statutory offense in this State but has its origin in the common law. *Smith v. Smith,* 194 S. C. 247, 9 S. E. (2d) 584.

While at common law there are no degrees of assault and battery, 6 C. J. S. Assault and Battery § 59, it has been divided in this State through common usage into three degrees, according to the gravity of the act: (1) assault and battery with intent to kill and murder; (2) assault and battery of a high and aggravated nature or (3) simple assault and battery. *State v. Jones,* 133 S. C. 167, 130 S. E. 747. Accordingly, it has been uniformly held that a defendant charged with assault and battery with intent to kill may be convicted of the lesser degrees of the offense, that is, assault and battery of a high and aggravated nature or simple assault and battery, if the evidence so warrants.

The court concluded in *State v. Jones, supra,* that the foregoing division "is intended more for the purpose of imposing sentence than of establishing distinct crimes or degrees of a crime."

All of the degrees of the offense of assault and battery have been considered as misdemeanors, *State v. Prince,*

240 S. C. 96, 124 S. E. (2d) 778, until 1969 when the General Assembly classified assault and battery with intent to kill as a felony and prescribed the punishment therefor, § 16-11, and 16-93.1, Supplement to 1962 Code of Laws. The remaining degrees of assault and battery are misdemeanors. § 16-12, 1962 Code of Laws.

There is no statute which prescribes a specific punishment for assault and battery of a high and aggravated nature and the sentence for such offense is determined under the provisions of § 17-553 of the 1962 Code of Laws, *State v. Cunningham,* S. C., 171 S. E. (2d) 159, which must be construed in conjunction with the preceding § 17-552, *State v. Self,* 225 S. C. 267, 82 S. E. (2d) 63.

These sections of the Code are as follows:

17-552—"When no special punishment is provided for a felony, it shall, at the discretion of the court, be by one or more of the following modes, to-wit: Confinement in the penitentiary or in a workhouse or penal farm, when such institutions shall exist, for a period of not less than three months nor more than ten years, with such imposition of hard labor and solitary confinement as may be directed."

17-553—"In cases of legal conviction when no punishment is provided by statute the court shall award such sentence as is conformable to the common usage and practice in this State, according to the nature of the offense, and not repugnant to the Constitution."

In construing § 17-553, we have held that the sentence to be imposed thereunder is left to the discretion of the trial court, *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873; and may be either by fine or imprisonment or both, (*State v. Charles,* 107 S. C. 418, 93 S. E. 136; *State v. Middleton,* 207 S. C. 478, 36 S. E. (2d) 742).

However, the maximum sentence which may be imposed in the exercise of such discretion is controlled by the provisions of § 17-552. This section limits the maximum punishment for a felony, falling within its provisions, to a period

of ten years. Section 17-553 refers to the punishment for misdemeanors and leaves the sentence within the discretion of the court. When the two sections are construed together, it seems clear that a sentence under § 17-553 for a misdemeanor cannot exceed the maximum sentence permitted under § 17-552 for a felony. Certainly the Legislature did not intend to permit a greater maximum punishment for the lesser offenses.

Section 17-552, dealing with felonies, does not permit the imposition of a fine, but places the maximum imprisonment at ten years. We therefore hold that the maximum confinement under § 17-553, under which appellants were sentenced, cannot exceed a period of ten years. We have heretofore held that a sentence of ten years is within the limits prescribed by law for the offense of assault and battery of a high and aggravated nature. *State v. Cunningham, supra,* S. C., 171 S. E. (2d) 159.

As we have pointed out, § 17-553, dealing with lesser crimes, permits a sentence to be either by fine or imprisonment or both. The authority to impose both fine and imprisonment under this section, however, must be exercised in any event so that the sentence imposed under its provisions, including any fine, does not exceed the maximum punishment under § 17-552.

The sentence in this case imposed the maximum permitted confinement of ten years and, *in addition,* required the payment of a fine of $10,000.00. Such sentence, in our opinion, exceeded the maximum permitted by law.

The sentences imposed were therefore illegal, which requires that the case be remanded for the purpose of resentencing. *State v. Petty,* 245 S. C. 40, 138 S. E. (2d) 643.

Accordingly, the judgment of conviction is affirmed, the sentences are set aside, and the case remanded to the lower court for the purpose of resentencing the appellants.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.