19223

The STATE, Respondent, v. J. C. FOGLE, Appellant
(181 S. E. (2d) 483)

*Laughlin McDonald, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmett H. Clair, John P. Wilson,* and *Edwin B. Brading, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

May 24, 1971.

Moss, Chief Justice.

J. C. Fogle, the appellant herein, was tried and convicted at the 1970 September term of the Court of General Sessions for Barnwell County of receiving stolen goods of a value of more than $50.00. Section 16-362 of the 1962 Code, as amended. The appellant was sentenced to 18 months imprisonment. Timely notice of intention to appeal was given.

The first question for determination is whether there was error on the part of the trial judge in refusing the motion of the appellant for a directed verdict of acquittal, made at the conclusion of the State's case. The only ground for this motion was that the State's case rested solely on the testimony of a Mrs. Fogle, appellant's sister-in-law, and that she had given contradictory testimony, as to who had delivered the stolen television set to her home.

It is elementary in considering whether the trial judge erred in not directing a verdict of acquittal in favor of the appellant, that we must view the testimony in the light most favorable to the State. When a motion for directed verdict of acquittal is made, the trial judge is concerned with the existence or non-existence of evidence, not with its weight, and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there is any evidence, direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which his guilt may be fairly and logically deduced. *State v. Fleming,* 254 S. C. 415, 175 S. E. (2d) 624. A motion for a directed verdict of acquittal, as was the case here, is properly refused where the determination of guilt is dependent upon the credibility of a witness, as this is a question that goes to the weight of evidence and is clearly for determination by a jury. *State v. Marshall,* 250 S. C. 448, 158 S. E. (2d) 650.

Upon consideration of the record, it cannot be said that there is a total absence of competent evidence establishing the guilt of the appellant. Whether the circumstantial evidence produced pointed conclusively to the guilt of the appellant to the exclusion of every reasonable hypothesis of innocence was a question for the jury.

It is well established that unless there was a total failure of evidence tending to establish the charge laid in the indictment, that the trial judge's ruling upon a motion for a directed verdict of acquittal, may not be impeached for error of law, the only class of errors which in a law case this Court has power to correct. *State v. Roddy,* 126 S. C. 499, 120 S. E. 359. We find no error on the part of the trial judge in refusing the appellant's motion for a directed verdict of acquittal.

The appellant argues that the procedure in South Carolina for sentencing defendants convicted of the crime of receiving stolen goods is arbitrary, irrational and in violation of the Eighth Amendment and Fourteenth Amendment of the Constitution of the United States and Article I, Sections 5 and 19 of the Constitution of South Carolina, for the reason that no maximum punishment is prescribed for such crime.

The record does not reveal that this question was submitted to or passed upon by the trial judge; however, notwithstanding this we consider the question as raised.

There is no statute which prescribes a specific punishment for the crime of receiving stolen goods and the sentencing for such offense is determined under the provisions of Section 17-553 of the Code, *State v. Bass,* 242 S. C. 193, 130 S. E. (2d) 481, which must be construed in connection with Section 17-552 of the Code, *State v. Hill,* 254 S. C. 321, 175 S. E. (2d) 227.

These sections of the Code are as follows:

17-552—"When no special punishment is provided for a felony, it shall, at the discretion of the court, be by one or

more of the following modes, to wit: Confinement in the Penitentiary or in a workhouse or penal farm, when such institutions shall exist, for a period of not less than three months nor more than ten years, with such imposition of hard labor and solitary confinement as may be directed."

17-553—"In cases of legal conviction when no punishment is provided by statute the court shall award such sentence as is conformable to the common usage and practice in this State, according to the nature of the offense, and not repugnant to the Constitution."

What we said in *State v. Hill,* 254 S. C. 321, 175 S. E. (2d) 227, is appropriate. We quote therefrom the following:

"In construing § 17-553, we have held that the sentence to be imposed thereunder is left to the discretion of the trial court, *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873; and may be either by fine or imprisonment or both (*State v. Charles,* 107 S. C. 418, 93 S. E. 136; *State v. Middleton,* 207 S. C. 478, 36 S. E. (2d) 742).

"However, the maximum sentence which may be imposed in the exercise of such discretion is controlled by the provisions of § 17-552. This section limits the maximum punishment for a felony, falling within its provisions, to a period of ten years. Section 17-553 refers to the punishment for misdemeanors and leaves the sentence within the discretion of the court. When the two sections are construed together, it seems clear that a sentence under § 17-553 for a misdemeanor cannot exceed the maximum sentence permitted under § 17-552 for a felony. Certainly the Legislature did not intend to permit a greater maximum punishment for the lesser offenses.

"Section 17-552, dealing with felonies, does not permit the imposition of a fine, but places the maximum imprisonment at ten years. We therefore hold that the maximum confinement under § 17-553, under which appellants were sentenced, cannot exceed a period of ten years. * * *

"As we have pointed out, § 17-553, dealing with lesser crimes, permits a sentence to be either by fine or imprison-

ment or both. The authority to impose both fine and imprisonment under this section, however, must be exercised in any event so that the sentence imposed under its provisions, including any fine, does not exceed the maximum punishment under § 17-552."

In *State v. Bass, supra,* the appellant was convicted under an indictment charging him with receiving stolen goods. He alleged that a sentence of 30 months for said crime was harsh, unreasonable and excessive. In rejecting the contention of the appellant we said:

"This Court has no jurisdiction to correct a sentence alleged to be excessive when it is within the limits prescribed by law. The 30 months sentence was imposed pursuant to Section 17-553, Code of Laws of South Carolina, 1962, and being within the limits of its provisions, this Court is without authority to change the sentence. *State v. King,* 222 S. C. 108, 71 S. E. (2d) 793; *State v. Fleming,* 228 S. C. 129, 89 S. E. (2d) 104; *State v. Conally,* 227 S. C. 507, 88 S. E. (2d) 591."

In view of what we said in the *Hill* case, it is apparent that the appellant's contention is without merit and he has not been denied any rights under either the Constitution of the United States or the Constitution of this State.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.