**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

BRADLEY KEVIN GRIMSLEY,
    *Defendant-Appellant.*

No. 01-4702

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-00-874)

Submitted: September 19, 2002

Decided: October 9, 2002

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Henry M. Anderson, Jr., ANDERSON LAW FIRM, P.A., Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bradley Kevin Grimsley pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g) (2000), and was sentenced to a term of forty-six months imprisonment. Grimsley appeals his sentence, arguing that the district court plainly erred in calculating his base offense level at 24 under *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(2) (2000). We affirm.

On November 7, 2000, Grimsley accompanied William Satterfield to the post office in Florence, South Carolina, where Satterfield picked up a package in which postal authorities had discovered 42.5 milliliters of LSD. Grimsley and Satterfield were both arrested and Grimsley's truck was searched. In the truck, agents found 104.14 grams of marijuana in four plastic bags, seven .30 caliber bullets, and a box of 9 mm bullets. Grimsley was charged with federal drug and firearms offenses; he pled guilty to being a felon in possession of ammunition.

In sentencing Grimsley, the district court applied USSG § 2K2.1(a)(2), which provides a base offense level of 24 where the defendant has two prior felony convictions for either a controlled substance offense or a crime of violence. The term "crime of violence" as used in § 2K2.1 is defined in USSG § 4B1.2(a) and Application Note 1 to USSG § 4B1.2. *See* USSG § 2K2.1, comment. (n.5). Grimsley had a 1992 conviction for attempted burglary for which he received a sentence of four years suspended to three years probation. He also had a 1999 conviction for pointing and presenting a firearm for which he was given a three-year sentence suspended to three years probation. Grimsley asserted at sentencing that the correct base offense level was 17 because the two qualifying convictions were both non-violent offenses and because the attempted burglary was a misdemeanor under state law, but he withdrew his objection. The district court sentenced him to the minimum term of imprisonment under the guideline range.

On appeal, Grimsley argues that the district court erred in finding that he had two felony convictions for crimes of violence that quali-

fied him for a base offense level of 24 under § 2K2.1(a)(2). Because Grimsley withdrew his objection to the guideline calculation in the district court, we review the issue for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). A crime of violence is defined in § 4B1.2(a) as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> (1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Application Note 1 to § 4B1.2 defines a "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."

Grimsley contends that he had only one prior conviction for a crime of violence because the 1992 attempted burglary conviction was really a misdemeanor conviction for entering a house without breaking with intent to steal under S.C. Code Ann. § 16-13-70 (Law. Co-op. 1976). Even assuming the truth of this assertion (for which Grimsley provides no documentation), the district court did not plainly err in treating the offense as a crime of violence. First, it involved a substantial risk of physical injury to another. *See United States v. Raynor*, 939 F.2d 191, 196 (4th Cir. 1991) (breaking and entering of temporarily unoccupied house is crime of violence).

Moreover, Grimsley's 1992 offense was punishable by more than a year of imprisonment. His offense was punishable "in the discretion of the court" when Grimsley was sentenced in 1992.[1] At that time, the

---

[1]The South Carolina sentencing scheme was revised in 1994.

South Carolina Code provided a maximum penalty of ten years imprisonment for felonies for which no specific punishment was directed. S. C. Code Ann. § 17-25-20 (Law. Co-op. 1976) (formerly § 17-552). For all other offenses where no punishment was provided, the court was to impose "such sentence as is conformable to the common usage and practice in this State, according to the nature of the offense, and not repugnant to the Constitution." S. C. Code Ann. § 17-25-30 (Law. Co-op. 1976). This section, formerly § 17-553, was interpreted by the South Carolina Supreme Court to permit a sentence of up to ten years for non-felony offenses for which no specific punishment is provided. *State v. Fogle*, 181 S.E.2d 483, 484-85 (S.C. 1971); *State v. Hill*, 175 S.E.2d 227, 231-32 (S.C. 1970); *see also Wood v. State*, 483 F.2d 149, 150 (4th Cir. 1973) (maximum sentence permitted "in the discretion of the court" for South Carolina misdemeanor offense of making obscene phone calls was ten years). Thus Grimsley's 1992 offense, whether characterized as attempted burglary or entering with intent to steal, was a crime of violence as defined in § 4B1.2.

Grimsley also argues that, because the 1992 conviction was for a misdemeanor offense, he retained his right to possess a firearm and ammunition under state law.[2] Grimsley further argues that state law should control the definition of "crime of violence" because 18 U.S.C. § 921(a)(20) (2000), defines a "crime punishable by imprisonment for a term exceeding one year" to exclude "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." Here Grimsley confuses the requirements for a "crime of violence" as used and defined in the sentencing guidelines with the definition of a "violent felony" as used in 18 U.S.C. § 924(e)(2)(B) (2000) (providing aggravated sentence for armed career criminal). As explained above, Grimsley's 1992 conviction was a crime of violence as defined in § 4B1.2 and, consequently, the district court did not plainly err in using base offense level 24 under § 2K2.1.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions

---

[2]The government contests this assertion.

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*